Howard Leroy **WOODFOX**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 848–88.

Court of Criminal Appeals of Texas, En Banc.

Nov. 8, 1989.

Douglas M. O'Brien, court appointed on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and J. Harvey Hudson and Pat Shelton, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Carl E.F. Dally, Sp. Asst. State's Atty., Austin, for the State.

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW OPINION

TEAGUE, Judge.

In *Woodfox v. State*, 742 S.W.2d 408 (Tex.Cr.App.1987), in a majority opinion by Judge Campbell, this Court ruled that a defendant in an unauthorized motor vehicle case, see V.T.C.A., Penal Code § 31.07, could raise the defense of mistake of fact, see V.T.C.A., Penal Code § 8.02, through a second party provided that he presented such evidence before the jury. The Fourteenth Court of Appeals, in an unpublished opinion, see *Woodfox v. State*, No. B14–85–155–CR, April 17, 1986, had ruled that an arresting officer's testimony alone was insufficient to support the submission of the defense of mistake of fact.

Appellant did not testify or present any evidence at his trial. All of the exculpatory evidence came from the arresting officers.

We granted the appellant's petition for discretionary review in order to make the determination whether the court of appeals had correctly decided the issue, found that it had erred in its holding, and held that it is not necessary that the defendant must always offer evidence himself in order to be entitled to an instruction on mistake of fact. The case was remanded to the court of appeals for action not inconsistent with the opinion.

On remand, the court of appeals, see *Woodfox v. State*, 754 S.W.2d 763 (Tex. App.1988), ruled that the evidence was sufficient to raise the mistake of fact defense through the testimony of two police officers who appellant told that he had lawfully obtained the vehicle in question from one William Davis an hour before his arrest, i.e., the court of appeals made the factual determination that the evidence raised the defense of mistake of fact.

We granted the State's petition for discretionary review in order to decide whether the court of appeals' holding was supported by sufficient evidence. We now find it was.

In *Lynch v. State*, 643 S.W.2d 737 (Tex.Cr.App.1983), a unanimous Court rejected the State's contention that unauthorized use of motor vehicle was a strict liability criminal offense. *Musgrave v. State*, 608 S.W.2d 184 (Tex.Cr.App.1980),

decided several years previously, had implicitly held to the contrary. *Musgrave* has now been effectively overruled, if not sufficiently distinguished, if some evidence is presented that he had the permission of the person who gave him the keys to the vehicle and who was apparently authorized to consent to use of the motor-propelled vehicle. Otherwise, if an individual believed that he had the effective consent of the owner to use the motor-propelled vehicle, he would be held strictly liable for using that motor-propelled vehicle, notwithstanding his belief that he was authorized to use the motor-propelled vehicle.

The court of appeals, on remand, correctly pointed out that *Musgrave* concerned the sufficiency of the evidence to prove the offense of unauthorized use of a motor vehicle, and not the issue whether the evidence from any source raised the defense of mistake of fact. We agree with the court of appeals that it did.

We now find that our decision to grant the State's petition for discretionary review was improvident, and same is dismissed.

McCORMICK, P.J., and DAVIS, CLINTON, WHITE, DUNCAN, BERCHELMANN, JJ., concur in the result.