Maria Dorotea ROSA, Appellant,

v.

Mattie MEEKS, Appellee.

No. 13–96–096–CV.

Court of Appeals of Texas,
Corpus Christi.

July 10, 1997.

Rehearing Overruled Nov. 13, 1997.

Publication Ordered March 11, 1999.

Robert N. Carnahan, Attorney at Law, Corpus Christi, for Appellant.

David J. Dunn, Frank E. Weathered, Dunn & Weathered, Attorneys at Law, Corpus Christi, for Appellee.

Before Justices DORSEY, HINOJOSA and RODRIGUEZ.

**OPINION**

Opinion by Justice DORSEY.

An at-home health worker slipped and fell in the kitchen of her patient. She seeks to recover for injuries sustained in the incident.

After a jury trial in Nueces County Court at Law Number Two, the jury found for appellant, but the trial court set aside the verdict and ordered that she take nothing. On appeal, appellant contends the trial court erred in granting a judgment non obstante veredicto, arguing that the evidence offered at trial was legally sufficient to support the jury verdict. We reverse.

This premises liability case arose when appellant Maria Rosa fell in the kitchen of appellee Mattie Meeks on January 20, 1993. Texas Home Health Care employed appellant as a home health care provider whose duties included personal hygiene care, cleaning appellee's apartment, doing laundry and occasionally preparing appellee's meals. At the time of the incident, appellee was an eighty-six year old widow living alone. She was mobile, as she could drive a car, and was in relatively good health.

The parties do not agree on the events that led to the accident. Appellee acknowledged in testimony that the day before the incident she prepared a pot of beans. At this point, the parties' recollections of the incident vary drastically. Appellee testified that upon the arrival of appellant, appellant attended to her personal hygiene needs and cleaned her apartment. Appellant was scheduled to stay two hours. Before the two hours elapsed, appellee asked appellant to prepare some beans for her. Appellee said nothing of a dangerous condition in the kitchen. Appellee remained in the living room and heard appellant fall. Appellee stated that she neither saw the accident nor knew precisely what happened. Appellee then called appellant's employer, and appellant left.

Appellant testified that immediately upon her arrival, she went to the kitchen to get a glass of water. While appellant was still in the kitchen, appellee asked her to get the beans out of the refrigerator. Appellant complied. When she opened the refrigerator door, a container containing approximately two cups of beans spilled onto the floor. The appellant asserted she stepped back to get a broom from a closet in the kitchen when she slipped. She found beans on the soles of her

shoes. She was unsure, however, whether the beans that caused the slip where there due to the container falling out of the refrigerator or had already been on the floor. As a result of the fall, appellant seriously injured her shoulder.

Based on the evidence, the jury found appellee seventy percent liable for the injuries of appellant. The jury held appellant liable for thirty percent of her own injuries. The court disregarded the findings of the jury and granted a motion for judgment non obstante veredicto. In appellant's sole point of error, she argues that the evidence in the record adequately supports the verdict; therefore, the motion for judgment non obstante veredicto should not have been granted.

■ A motion notwithstanding the jury's verdict should only be granted in limited circumstances. A trial court may render a judgment notwithstanding the verdict if there is no evidence to support one or more jury findings on issues necessary to find liability. *Best v. Ryan Auto Group, Inc.*, 786 S.W.2d 670, 671 (Tex.1990); *Dannenbaum v. Brummerhop*, 840 S.W.2d 624, 628 (Tex. App.—Houston [14th Dist.] 1992, writ denied). Only in situations "when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is, in legal effect, no evidence, and will not support a verdict or judgment." Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361, 363 (1960); *Juliette Fowler Homes, Inc. v. Welch Assoc., Inc.*, 793 S.W.2d 660, 666 n. 9 (Tex. 1990). If more than a scintilla of evidence supports the jury finding, it must be upheld. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 228 (Tex.1990). An appellate court will only consider the evidence and inferences as they tend to support the verdict. *Id.* at 227.

■ This case specifically involves the issue of whether there was any evidence at trial to support specific jury findings concerning premises liability. Because the appellant, an employee of Texas Home Health Care, worked on the premises of appellee at the time of the incident, she was considered an invitee. *See Rosas v. Buddies Food*

*Store*, 518 S.W.2d 534, 536 (Tex.1975). To sustain a premises liability cause of action, given appellant's status as an invitee, appellant had the burden to prove the following elements:

(1) that appellee had actual or constructive knowledge of some condition on the premises;

(2) that the condition posed an unreasonable risk of harm to appellant;

(3) that appellee did not exercise reasonable care to reduce or eliminate the risk; and

(4) that appellee's failure to use such care proximately caused appellant's personal injuries.

*Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex.1983).

■ The first element, actual or constructive knowledge of some condition on the premises by appellee, is the key issue in the case at hand. An owner or occupier has sufficient knowledge of a condition if the defendant created the situation that posed an unreasonable risk of harm. *Keetch*, 845 S.W.2d at 265. At trial, appellant claimed she slipped either as a result of beans already on the floor, or beans that fell out as she opened the refrigerator door. Appellee argues that appellant's testimony concerning the location of the beans was equivocal, thereby making the evidence insufficient to support the finding of the jury. While the evidence does not positively establish were the beans came from, the jury is allowed to make reasonable inferences from circumstantial evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983).

Either theory about the creation of the condition causing the slip can reasonably be made to find appellee liable, with the first scenario being more likely. This Court will review the evidence in a light most favorable to the jury's verdict, considering only that part of the record that supports the verdict, and rejecting all evidence and inferences to the contrary. *Best*, 786 S.W.2d at 671. Although the testimony of appellant and appellee does not coincide, it is enough for the jury to reasonably conclude that appellee

negligently created a condition on the premises that posed an unreasonable risk of harm to appellant.

█ Under the first theory of the origin of the dangerous condition, the beans fell out of the refrigerator. Appellant asserted in testimony that the refrigerator had many containers and leftover foods. Appellee asserted that she had food in the refrigerator but that the food was not "poking out." In any case, evidence established that appellee had almost exclusive control of the kitchen and cooked the beans the night before. While circumstantial evidence should be scrutinized, a jury is allowed to draw reasonable inferences. *Kindred*, 650 S.W.2d at 63. While the testimony of the parties contradicted, this only means that the jury is given the discretion to decide if appellee created the condition. The testimony is not conclusive, but a court should only dismiss the verdict of a jury in circumstances where no evidence exists. *Williams v. Bennett*, 610 S.W.2d 144, 145 (Tex.1980).

Alternatively, appellant argues that the beans were already on the floor. There was testimony that appellee both cooked the beans the night before and usually cooked her own meals. While appellant cannot positively identify where the beans came from, how long they had been there, or even whether appellee created the hazard, a jury may reasonably infer that appellee was responsible for the creation of the dangerous condition. Because the area of the incident is so confined, and because control of the kitchen is so limited, a reasonable jury could conclude that appellee created the condition in which the beans caused appellant to slip and severely injure herself.

In either scenario, there is a strong presumption that appellee created the condition. Either theory is reasonable. Moreover, if one scenario is more likely than another, a jury is given the discretion to decide the question. Because the evidence provided meets the standard established for making a judgment notwithstanding the verdict inappropriate, the jury's verdict must stand.

█ After knowledge of the condition is established, the rest of the elements of premises liability fall into place. Appellant testified that the stacking of the refrigerator was dangerous. Appellee acknowledged she did not warn appellant of any dangerous condition. When an occupier of land has actual or constructive knowledge of any condition on the premises that presents an unreasonable risk of harm to invitees, he has a duty to take whatever action is reasonably prudent under the circumstances to reduce or eliminate the unreasonable risk. *H.E. Butt Grocery Co. v. Godawa*, 763 S.W.2d 27, 29 (Tex.App.—Corpus Christi 1988, no writ). There is no evidence of a warning, which was all that was necessary considering the age and capacity of appellee. While debate may exist about the strength of the evidence, there was some evidence to support the verdict. Appellant's point of error is sustained.

Appellee asks this Court to sustain three cross points in the event the judgment notwithstanding the verdict is reversed. The first point asserts that the evidence is factually insufficient to support the jury's finding that appellee was negligent. The second and third points question the factual sufficiency of the evidence leading to the allocation of liability. As stated previously, the jury found appellee 70% liable and appellant 30% liable.

When dealing with a factual sufficiency point, the court of appeals must weigh all the evidence in the record. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex.1996). The findings of a jury may only be overturned if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). Moreover, inferences may still support a judgment so long as they are reasonable in light of all the evidence. *Ortiz*, 917 S.W.2d at 772. The evidence and the verdict in this case clearly, "do not shock the conscience or clearly demonstrate bias." *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986).

█ In appellee's first cross-point, she argues that the evidence presented was factually insufficient to support the finding of negligence. The facts supporting appellee's cross point include appellee's testimony that food was in the refrigerator, but she properly

stacked it. The appellee also testified that she left the beans on the stove. The appellant's testimony in which she was unsure about the origin of the beans supports the appellee's argument. Finally, testimony did not reflect how long the beans had been in the refrigerator which supports the appellee's cross point as well.

Appellant testified that upon arrival to the premises, she went into the kitchen for a glass of water. Appellee asked her to prepare some beans but did not warn of any dangerous condition in the kitchen. Appellant equivocated between whether she slipped on the beans falling from the refrigerator or slipped on beans already on the floor. However, both appellee and appellant testified that appellee cooked her own meals, except in a few situations when appellant prepared a salad or other simple meal. There is no evidence completely contrary to the finding of the jury, nor is there any evidence the jury must have definitely disregarded. The evidence stemming from the origins of the slip-inducing beans can all be reasonably inferred. Because all evidence is considered, appellant's testimony must be considered as well. However, a court of appeals cannot simply ·choose to believe witnesses that the fact-finder below found unpersuasive. *Ortiz,* 917 S.W.2d at 771. Appellee's first-cross point is overruled.

▆▆ Appellee's other cross-points concerning the allocation of liability are also overruled. Once the jury found the appellee negligent, the evidence provided sufficient legal grounds to distribute the liability along the lines they decided. The jury presumably took into account that the appellant might have taken some steps to avoid the fall, as appellee's counsel suggested during the trial. Evidence suggests, and the jury found, that the fall may have been prevented if appellee would have warned appellant of the condition. No evidence was completely ignored, and the decision is not contrary to the great weight of evidence. No evidence in the record carries the necessary weight to overturn the allocation of a jury. The cross-points are overruled.

The jury returned a verdict awarding Rosa $118,365.80, and determined that Meeks was seventy percent liable for Rosa's damages. The resulting award would therefore amount to $82,856.06. The judgment of the trial court is REVERSED and RENDERED in favor of appellant in the amount of $82,-856.06, plus pre- and post-judgment interest.