**Mattie MEEKS, Petitioner,**

v.

**Maria ROSA, Respondent.**

No. 97–1195.

Supreme Court of Texas.

March 11, 1999.

Rehearing Overruled April 29, 1999.

Frank Weathered, David J. Dunn, Corpus Christi, for petitioner.

Robert N. Carnahan, Corpus Christi, for respondent.

PER CURIAM.

In this case, we must decide whether there is legally sufficient evidence to show that Mattie Meeks knew or should have known of the purported dangerous condition that Maria Rosa alleged existed in Meeks's kitchen. Rosa, a health-care provider, slipped and fell on beans while working in Meeks's home. After a jury verdict for Rosa on her premises liability claim, the trial court ordered judgment *non obstante veredicto* for Meeks. The court of appeals reversed and rendered judg-

ment for Rosa.[1] We reverse and render judgment that Rosa take nothing.

On January 20, 1993, Rosa was working as a home health-care provider in Meeks's apartment. Meeks was an eighty-six year old widow living alone. Rosa's duties included providing hygiene care, cleaning, and occasionally cooking at Meeks's apartment. The parties recollections of the incident are in many ways irreconcilable. Nevertheless, the few facts on which our disposition of this case turns come from Rosa's testimony regarding what happened when Rosa was alone in the kitchen. Rosa testified that she opened the refrigerator door to remove a container of cooked pinto beans. Rosa then said that the beans spilled on the floor and on her shoes, and that, after taking two steps away from the beans toward a broom closet to clean up the mess, she slipped and fell, seriously injuring her shoulder. Rosa further testified that some beans may have already been on the floor. She examined her shoes after the fall and found beans on them.

The trial court considered Meeks's motion for a directed verdict to be a close call, but let the case go to the jury, which found Meeks seventy percent liable and Rosa thirty percent liable. The trial court then granted Meeks's motion for judgment *non obstante veredicto* and entered judgment that Rosa take nothing. The court of appeals reversed, holding that Rosa's evidence was sufficient to support the jury verdict. In petitioning this Court for review, Meeks claims that Rosa's evidence was legally insufficient to support Rosa's claim. We agree, and reverse and render judgment that Rosa take nothing.

■■■ As an invitee on the premises, Rosa could recover on her premises liability claim if she proved that: (1) Meeks knew or should have known of some condition on the premises; (2) the condition posed an unreasonable risk of harm to Rosa; (3) Meeks did not exercise reasonable care to reduce or to eliminate the risk; and (4) Meeks's failure to use such care proximately caused Rosa's injuries.[2] Rosa presented alternate theories to the jury in an attempt to establish that beans on the kitchen floor were a condition that posed an unreasonable risk of harm: first, that the refrigerator was overflowing; second, that Meeks had previously spilled beans on the floor. Assuming without deciding that either theory could support a premises liability claim, Rosa did not present legally sufficient evidence to support a jury question on either one.

Examining the first theory, Rosa presented no evidence that the refrigerator was overflowing. She testified that the refrigerator held a lot of containers, that the beans had been stacked up on other containers, and, in response to her attorneys asking whether the refrigerator was full or empty, that the refrigerator was full. Indeed, the term overflowing does not appear anywhere in the evidence, although it did figure prominently in counsels closing argument and brief to this Court. Rosa's testimony is not evidence of a dangerous condition.

Likewise, Rosa presented no evidence that she slipped on beans that were already on the floor. One of Rosa's written interrogatory answers, which was introduced into evidence, stated that Rosa was opening the refrigerator to clean it, when beans spilled out that [Meeks] had left stacked up on other containers, or they were already on the floor, I do not know for sure. Testifying at trial, Rosa altered this statement to indicate that she had not been opening the refrigerator to clean it. More importantly, Rosa also clarified the confusing statement that she was not sure whether the beans fell or were already on the floor: All I know is that when I opened the refrigerator they [beans] fell out and there might have been some on the floor already.... This statement of sheer uncertainty regarding whether beans were already on the floor does not support an inference that Meeks had left beans on the floor; it does not even satisfy the evidentiary relevance test by making the existence of any disputed fact either more or less probable.[3]

---

1. 989 S.W.2d 764.

2. *See, e.g., Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex.1992).

3. *See* Tex.R. Evid. 401; *see also Wal–Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 937–38 (Tex. 1998).

No legally sufficient evidence supports either of Rosa's theories for recovery. The trial court did not err in rendering judgment *non obstante veredicto* for Meeks. Accordingly, we grant Meeks's petition for review and, without hearing oral argument, we reverse the court of appeals judgment and render judgment that Rosa take nothing.[4]