LAFEBRE V. COMP USA INC



NO. 07-01-0473-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 4, 2002



______________________________




LANA C. LAFEBRE, APPELLANT



V.



COMP USA, INC., APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;



NO. 2000-589,556; HONORABLE WILLIAM R. SHAVER, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 After appellant Lana C. LaFebre received a favorable jury verdict against COMP
USA, Inc. for her premises liability claim, the trial court entered an order granting COMP
USA, Inc.'s motion for judgment notwithstanding the verdict and rendering judgment that
LaFebre take nothing against COMP USA, Inc. Challenging the order, LaFebre contends
by two issues that there is sufficient evidence upon which a reasonable juror (1) could
have found that COMP USA, Inc. had actual or constructive knowledge of the
unreasonably dangerous condition which proximately caused her damages, and (2) could
have based the past and future damages awards. Based upon the rationale expressed
herein, we affirm.

 While shopping at COMP USA, LaFebre went to the women's restroom. She
entered a stall and sat on the toilet seat. While she was twisting and reaching for toilet
paper located on the back wall of the stall, the toilet seat moved and jerked her violently. 
After flushing the toilet she proceeded to inspect the toilet seat. With paper towels in
hand, she lifted the toilet seat and saw that a steel bolt was broken. According to
LaFebre's testimony, she reported the incident to a female employee and asked her to
accompany her to the restroom to witness the broken bolt. She also reported the incident
to a customer service representative and the store manager, who asked her to make a
written statement.

 When she left the store, she felt some pulling and pressure, but did not feel pain
until the following day, and more severe pain two days later. At that time she sought
medical attention and was given muscle relaxers and pain pills. An allergic reaction to the
pain medication caused her to suffer severe swelling, burning eyes, and blotchy patches
for three to four weeks. She incurred $788.20 in medical expenses and filed a premises
liability action against COMP USA. 

 Trial was to a jury at which LaFebre was the only witness. On cross-examination,
she testified that upon entering the stall, nothing looked out of the ordinary and the
restroom seemed well kept. However, as she reached backwards for the toilet paper, she
estimated that the seat moved six to seven inches causing her to be injured. According
to her testimony, she had no idea when the bolt broke, except that she claimed it did not
break while she used the toilet.

 The jury found COMP USA was 75% and LaFebre 25% negligent and awarded
LaFebre $15,000 in actual damages plus interest and costs. COMP USA filed a motion
for judgment notwithstanding the verdict or in the alternative a motion for new trial alleging 
that no evidence was presented that the broken bolt existed for a sufficient time before the
occurrence for COMP USA to have knowledge of the defect and that there was no
evidence presented to support the jury's award. The trial court entered an order vacating
the previous judgment and granting COMP USA's motion for judgment notwithstanding the
verdict. 

 LaFebre challenges the trial court's order contending (1) there is sufficient evidence
upon which a reasonable juror could have found that COMP USA had actual or
constructive knowledge of the unreasonably dangerous condition that proximately caused
her damages, and (2) there is sufficient evidence upon which a reasonable juror could
have based past and future damages. We disagree. Appellate review of a trial court's
order granting a judgment notwithstanding the verdict is the same as that used for a legal
insufficiency claim. Dowling v. NADW Mktg., Inc., 631 S.W.2d 726, 728 (Tex. 1982). We
review the evidence in the light most favorable to the jury's findings, considering only the
evidence and inferences supporting them and rejecting the evidence and inferences to the
contrary. Mancorp, Inc. v. Culpepper, 802 S.W.2d 226, 227 (Tex. 1990). In situations
"when the evidence offered to prove a vital fact is so weak as to do no more than create
a mere surmise or suspicion of its existence, the evidence is, in legal effect, no evidence,
and will not support a verdict or judgment." Robert W. Calvert, "No Evidence" and
"Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361, 363 (1960).

 To prevail on a premises liability claim, an invitee has the burden to prove the
following elements:


 a defendant's actual or constructive knowledge of some condition on
the premises;
 that the condition posed an unreasonable risk of harm;
 that the defendant did not exercise reasonable care to reduce or
eliminate the risk; and
 that the defendant's failure to use such care proximately caused the
injuries.


 

Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992). As an invitee, LaFebre was owed
a duty by COMP USA to exercise reasonable care to protect her from dangerous
conditions in the store that were known or reasonably discoverable; however, COMP USA
was not an insurer of her safety. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936
(Tex. 1998). Before a premises owner may be charged with constructive notice there must
be proof that a dangerous condition existed for some length of time. Wal-Mart Store, Inc.
v. Reece, 81 S.W.3d 812, 815 (Tex. 2002). Also, an owner is not liable for deterioration
of a condition on its premises unless evidence of knowledge of the condition is presented. 
CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 101 (Tex. 2000). Otherwise, owners would
face strict liability for any dangerous condition on their premises. See id. at 816 n.1
(disapproving cases that suggest an employee's proximity to the hazard is enough to
establish constructive notice).

 LaFebre was the only witness at trial. She did not present any evidence that COMP
USA had actual or constructive knowledge of an inconspicuous hazard such as a broken
bolt securing the toilet seat. No store employees testified nor did anyone who was
charged with the duty of cleaning the restroom. Although not presented as a theory at trial,
LaFebre argues in her brief that because COMP USA knew that the toilet paper was
located on the back wall of the stall, COMP USA should have known that the constant
shifting of the toilet seat when a person reached for toilet paper created a dangerous
condition. However, even if presented in the trial court, her testimony would have been,
in legal effect, no evidence that COMP USA had actual or constructive knowledge of a
condition on its premises that posed an unreasonable risk of harm to her. See Meeks v.
Rosa, 988 S.W.2d 216, 217-18 (Tex. 1999) (holding that the trial court did not err in
granting a judgment notwithstanding the verdict because the plaintiff did not present legally
sufficient evidence to show that the defendant knew or should have known of a condition
that posed an unreasonable risk of harm). Thus, viewing the evidence in the light most
favorable to the jury's verdict, we nevertheless conclude the trial court correctly granted
COMP USA's motion for judgment notwithstanding the verdict. Issue one is overruled. 
Our disposition of issue one pretermits consideration of LaFebre's damages issue.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.



et. denied). Bernstein's theory of causation involved a
sequential series of conditions stemming initially from a reaction to Haldol and ultimately
leading to his death. However, several steps in that sequential series involved the
development of specific pulmonary conditions which could develop without a reaction to
Haldol. While Bernstein had specific experience with the administration of Haldol and its
effects, the record shows he had general experience with both ARDS and pulmonary
embolus in terms of providing psychiatric assistance to patients suffering from those
problems. The trial court could have found that Bernstein did not have the specialized
knowledge necessary to establish the element of causation. 

 Hensarling relies heavily on our opinion in Cresthaven Nursing Residence v.
Freeman, 134 S.W.3d 214 (Tex. App.--Amarillo 2003, no pet.) for the proposition that "the
opinions of other doctors who agree with the expert in question are relevant to evaluating
the expert's qualifications and the reliability of his opinions." However, we noted the cause
of death offered by other doctors in that case only for the purpose of showing that the
opinions offered did not require an expertise peculiar to the fields of cardiology or urology
in determining that the trial court did not abuse it discretion in admitting the testimony. Id.
at 234. Whether or not we might have decided the matter differently from the trial court is
not the test. The propriety of the trial court's admission or exclusion of expert testimony is
tested against an abuse of discretion which means whether the court acted without
reference to guiding principles or rules. Daniels v. Vance, 175 S.W.3d 889, 894 (Tex. App.--Texarkana 2005, no pet.); Keo v. Vu, 76 S.W.3d at 730. We cannot find that it did so here.

 Without the testimony of Bernstein on causation, Hensarling has failed to produce
more than a scintilla of evidence to defeat the no-evidence motion for summary judgment. (4)
See Crocker v. Paulyne's Nursing Home, Inc., 95 S.W.3d 416, 423 (Tex. App.--Dallas
1992, no writ). Accordingly, we must and do affirm the judgment of the trial court.


 John T. Boyd

 Senior Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2005). 
2. Wills was later dismissed from the lawsuit. 
3. Without an autopsy, which the family apparently declined, this cause of death
cannot be confirmed. 
4. The standard of review for a no-evidence motion for summary judgment is fully
discussed in Kimber v. Sideris, 8 S.W.3d 672, 674-75 (Tex. App.--Amarillo 1999, no pet.).