NO. 07-01-0473-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 4, 2002

_____

LANA C. LAFEBRE, APPELLANT

V.

COMP USA, INC., APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2000-589,556; HONORABLE WILLIAM R. SHAVER, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

After appellant Lana C. LaFebre received a favorable jury verdict against COMP USA, Inc. for her premises liability claim, the trial court entered an order granting COMP USA, Inc.'s motion for judgment notwithstanding the verdict and rendering judgment that

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

LaFebre take nothing against COMP USA, Inc. Challenging the order, LaFebre contends by two issues that there is sufficient evidence upon which a reasonable juror (1) could have found that COMP USA, Inc. had actual or constructive knowledge of the unreasonably dangerous condition which proximately caused her damages, and (2) could have based the past and future damages awards. Based upon the rationale expressed herein, we affirm.

While shopping at COMP USA, LaFebre went to the women's restroom. She entered a stall and sat on the toilet seat. While she was twisting and reaching for toilet paper located on the back wall of the stall, the toilet seat moved and jerked her violently. After flushing the toilet she proceeded to inspect the toilet seat. With paper towels in hand, she lifted the toilet seat and saw that a steel bolt was broken. According to LaFebre's testimony, she reported the incident to a female employee and asked her to accompany her to the restroom to witness the broken bolt. She also reported the incident to a customer service representative and the store manager, who asked her to make a written statement.

When she left the store, she felt some pulling and pressure, but did not feel pain until the following day, and more severe pain two days later. At that time she sought medical attention and was given muscle relaxers and pain pills. An allergic reaction to the pain medication caused her to suffer severe swelling, burning eyes, and blotchy patches

2

for three to four weeks. She incurred $788.20 in medical expenses and filed a premises liability action against COMP USA.

Trial was to a jury at which LaFebre was the only witness. On cross-examination, she testified that upon entering the stall, nothing looked out of the ordinary and the restroom seemed well kept. However, as she reached backwards for the toilet paper, she estimated that the seat moved six to seven inches causing her to be injured. According to her testimony, she had no idea when the bolt broke, except that she claimed it did not break while she used the toilet.

The jury found COMP USA was 75% and LaFebre 25% negligent and awarded LaFebre $15,000 in actual damages plus interest and costs. COMP USA filed a motion for judgment notwithstanding the verdict or in the alternative a motion for new trial alleging that no evidence was presented that the broken bolt existed for a sufficient time before the occurrence for COMP USA to have knowledge of the defect and that there was no evidence presented to support the jury's award. The trial court entered an order vacating the previous judgment and granting COMP USA's motion for judgment notwithstanding the verdict.

LaFebre challenges the trial court's order contending (1) there is sufficient evidence upon which a reasonable juror could have found that COMP USA had actual or constructive knowledge of the unreasonably dangerous condition that proximately caused

3

her damages, and (2) there is sufficient evidence upon which a reasonable juror could have based past and future damages. We disagree. Appellate review of a trial court's order granting a judgment notwithstanding the verdict is the same as that used for a legal insufficiency claim. Dowling v. NADW Mktg., Inc., 631 S.W.2d 726, 728 (Tex. 1982). We review the evidence in the light most favorable to the jury's findings, considering only the evidence and inferences supporting them and rejecting the evidence and inferences to the contrary. Mancorp, Inc. v. Culpepper, 802 S.W.2d 226, 227 (Tex. 1990). In situations "when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is, in legal effect, no evidence, and will not support a verdict or judgment." Robert W. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361, 363 (1960).

To prevail on a premises liability claim, an invitee has the burden to prove the following elements:

1. a defendant's actual or constructive knowledge of some condition on the premises;

2. that the condition posed an unreasonable risk of harm;

3. that the defendant did not exercise reasonable care to reduce or eliminate the risk; and

4. that the defendant's failure to use such care proximately caused the injuries.

4

Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992). As an invitee, LaFebre was owed a duty by COMP USA to exercise reasonable care to protect her from dangerous conditions in the store that were known or reasonably discoverable; however, COMP USA was not an insurer of her safety. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998). Before a premises owner may be charged with constructive notice there must be proof that a dangerous condition existed for some length of time. Wal-Mart Store, Inc. v. Reece, 81 S.W.3d 812, 815 (Tex. 2002). Also, an owner is not liable for deterioration of a condition on its premises unless evidence of knowledge of the condition is presented. CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 101 (Tex. 2000). Otherwise, owners would face strict liability for any dangerous condition on their premises. See id. at 816 n.1 (disapproving cases that suggest an employee's proximity to the hazard is enough to establish constructive notice).

LaFebre was the only witness at trial. She did not present any evidence that COMP USA had actual or constructive knowledge of an inconspicuous hazard such as a broken bolt securing the toilet seat. No store employees testified nor did anyone who was charged with the duty of cleaning the restroom. Although not presented as a theory at trial, LaFebre argues in her brief that because COMP USA knew that the toilet paper was located on the back wall of the stall, COMP USA should have known that the constant shifting of the toilet seat when a person reached for toilet paper created a dangerous condition. However, even if presented in the trial court, her testimony would have been,

in legal effect, no evidence that COMP USA had actual or constructive knowledge of a condition on its premises that posed an unreasonable risk of harm to her. *See* Meeks v. Rosa, 988 S.W.2d 216, 217-18 (Tex. 1999) (holding that the trial court did not err in granting a judgment notwithstanding the verdict because the plaintiff did not present legally sufficient evidence to show that the defendant knew or should have known of a condition that posed an unreasonable risk of harm). Thus, viewing the evidence in the light most favorable to the jury's verdict, we nevertheless conclude the trial court correctly granted COMP USA's motion for judgment notwithstanding the verdict. Issue one is overruled. Our disposition of issue one pretermits consideration of LaFebre's damages issue.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.