NO. 07-03-0063-CR



IN THE COURT OF APPEALS
 


FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 28, 2003


______________________________



MICHAEL WAYNE PHILLIPS
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;



NO. 85,814; HON. LEONARD GIBLIN, PRESIDING


_______________________________


 

Memorandum Opinion


______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Michael Wayne Phillips appeals his conviction for evading detention with a motor
vehicle. His first issue concerns the voluntariness of his guilty plea while the second
involves the effectiveness of his counsel. We affirm the judgment. 

Background


 Appellant entered an open plea of guilty to the charge of evading detention through
the use of a motor vehicle. The trial court admonished him about the range of punishment
and stated that because the parties had "not agreed as to what the proper punishment
should be . . . if [the court] accept[s] your plea, it's going to be entirely up to the Court to
decide the punishment." When asked if he understood that, appellant replied: "yes, sir." 
The trial court also informed him that his attorney recommended that the trial court "reduce
this to possibly . . . county jail time or if [the court] do[es] not reduce it to county jail time,
to also place you on probation . . . ." When asked if he understood that "those [were] mere
recommendations, that [the court] can follow them if [it] want[s] to but [it does not] have to,"
appellant again answered: "yes, sir." Then, appellant was told by the court that the
prosecution was recommending a 24-month sentence and that the trial court had the
discretion to impose such a term of imprisonment. Appellant again replied: "yes, sir." 
Thereafter, inquiry was made into appellant's mental competence, and the trial court
completed admonishing appellant per article 26.13 of the Texas Code of Criminal
Procedure. 

 After accepting the plea and recessing until a pre-sentencing report could be
prepared, the trial court then asked of appellant: "Michael, tell me: What's the two things
that can happen to you when you come back on December 2nd?" Appellant said: "Well,
your honor, I understand I can either have it counted as county jail time or probation or
state jail time, up to two years." Finally, when asked by the trial court if he still wanted to
"go forward with [his] plea," appellant again answered: "yes, sir . . . ."

Issue One - Voluntariness of Plea


 As previously mentioned, appellant initially attacks the voluntariness of his open
guilty plea. The latter was purportedly involuntary because he received "erroneous advice
from trial counsel." The advice allegedly consisted of the representation that "he was
eligible for community supervision." (1) We overrule the issue.

 Nowhere does appellant explain how or why he was ineligible for probation. Nor
have we been able to uncover anything of record which would lead us to conclude that he
was not. Thus, we do not accept this argument as evincing that his plea was involuntary. 

 As to the suggestion appearing elsewhere in the appellant's brief that "trial counsel
misrepresent[ed] to [him] that his sentence would be suspended and he would be allowed
to be place[d] on community supervision," no evidence appears of record illustrating that
such a statement was actually made. And, appellant's statement to that effect in his brief
does not fill the void. See Salazar v. State, 5 S.W.3d 814, 816 (Tex. App.-San Antonio
1999, no pet.) (holding that statements in an appellate brief or its attachments that are not
supported by the record will not be accepted as fact). More importantly, the dialogue
between appellant and the trial court (which we described above) clearly reveals that
appellant was informed that he may not receive community supervision. Additionally, he
not only told the trial court that he understood that to be true but also personally reiterated
to the judge the range of punishment to which he was exposed, and that range included
imprisonment. Given these circumstances, we cannot say the evidence supports the
notion that his plea was involuntary. 

Issue Two - Ineffective Assistance


 In his second issue, appellant contends that his attorney rendered ineffective
assistance of counsel due to a conflict of interest. The conflict was evinced by counsel's
supposed statement that "she had a problem with individual[s] who use their vehicle[s] to
escape the police because [her] mother was killed by someone evading the police in his
motor vehicle." However, no evidence appears of record illustrating that the statement
attributed to counsel was actually made in any form or manner. And, again, appellant's
representations in his brief do not fill the void. Having no evidence before us evincing the
purported conflict of interest, we overrule this issue as well. 

 Accordingly, we affirm the judgment of the trial court. 

 

 Brian Quinn 

 Justice 


Do not publish. 
1. Appellant also contends that counsel was ineffective because she failed to apprise the trial court
of "several matters" which would have affected his punishment. However, what those matters were goes
unmentioned by appellant. Thus, he has waived the complaint.



store employees testified nor did anyone who was
charged with the duty of cleaning the restroom. Although not presented as a theory at trial,
LaFebre argues in her brief that because COMP USA knew that the toilet paper was
located on the back wall of the stall, COMP USA should have known that the constant
shifting of the toilet seat when a person reached for toilet paper created a dangerous
condition. However, even if presented in the trial court, her testimony would have been,
in legal effect, no evidence that COMP USA had actual or constructive knowledge of a
condition on its premises that posed an unreasonable risk of harm to her. See Meeks v.
Rosa, 988 S.W.2d 216, 217-18 (Tex. 1999) (holding that the trial court did not err in
granting a judgment notwithstanding the verdict because the plaintiff did not present legally
sufficient evidence to show that the defendant knew or should have known of a condition
that posed an unreasonable risk of harm). Thus, viewing the evidence in the light most
favorable to the jury's verdict, we nevertheless conclude the trial court correctly granted
COMP USA's motion for judgment notwithstanding the verdict. Issue one is overruled. 
Our disposition of issue one pretermits consideration of LaFebre's damages issue.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.