In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-214 CR


____________________



SHON PHILLIP BUSH, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 96584






MEMORANDUM OPINION


 Shon Phillip Bush pled "not guilty" to the felony offense of unauthorized use of a
motor vehicle. Tex. Pen. Code Ann. § 31.07 (Vernon 2003). After a bench trial, the trial
court found him guilty, found enhancement paragraphs to be true, and sentenced Bush to
eight years in the Institutional Division of the Texas Department of Criminal Justice. Bush
appeals. 

 On September 25, 2005, Beaumont Police Officers Jeff Safar and James Reaux
stopped a white Ford Escort Bush was driving in violation of a curfew put in place in the
days following Hurricane Rita. There were three other occupants. The officers found a gas
can, siphon hose, and two flashlights in the vehicle, and placed all four occupants into
custody for curfew violation. Officer Safar later learned the vehicle was stolen. 

 Bush testified he was driving the vehicle after curfew and was stopped by Officers
Safar and Reaux. Bush was staying at the Scottish Inn during the hurricane, but was told to
move his belongings because of the disaster. He asked a "Mr. Duplechain" if he owned the
car. Duplechain represented to Bush that he did. Bush paid Duplechain $20 to use the car
for "seven days or something like that." Bush was going to return the vehicle the night he
was stopped for violating curfew. Bush testified he had the key to the vehicle and there was
no indication in the car or from Duplechain that it was stolen. While Bush was in jail he "ran
across [Duplechain] again[,]" and asked him to sign an affidavit. Bush produced an affidavit
from a "Joseph R. Duplechain" stating that Duplechain gave Bush permission to use the car,
that Bush did not know that the car did not belong to Duplechain, and that Duplechain told
Bush he was the owner of the late model four-door Ford. Bush testified he would not have
used the vehicle had he known it was stolen. Bush admitted he had three prior convictions
in Jefferson County for burglaries of a habitation. 

 Alvene Moss testified she evacuated from her residence in Beaumont on September
21, 2005 due to the hurricane. She left her 1993 white Ford Escort in her apartment complex
parking lot. Her daughter returned on September 30, 2005, discovered Moss's car was
missing, and contacted the police. Moss did not return to Beaumont until October 26, 2005. 
Moss testified she had locked the car and had not given anyone permission at any time to
drive her car while she was out of town. 

 On appeal, Bush argues the trial court erred in convicting him in light of undisputed
and uncontroverted evidence of the defense of mistake of fact regarding Duplechain's
ownership of the vehicle. Bush claims his testimony that Duplechain represented to him that
Duplechain owned the vehicle was substantiated by (1) the fact that Officers Safar and Reaux
did not know the vehicle was a stolen vehicle at the time of Bush's arrest, and (2) the
affidavit from Duplechain. 

 To obtain a conviction for unauthorized use of a motor vehicle, the State must prove
that a defendant intentionally or knowingly operated an automobile without the effective
consent of the owner. See id. § 31.07. The culpable mental state must apply both to the
operation of the vehicle and the issue of effective consent of the owner. McQueen v. State,
781 S.W.2d 600, 603 (Tex. Crim. App. 1989). Section 8.02(a) of the Texas Penal Code
provides that "[i]t is a defense to prosecution that the actor through mistake formed a
reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability
required for commission of the offense." Tex. Pen. Code Ann. § 8.02(a) (Vernon 2003). 
 In an unauthorized use of a motor vehicle case, mistake of fact is raised if the
defendant received the keys from someone who was apparently authorized to give them. 
McQueen, 781 S.W.2d at 602-05; Woodfox v. State, 779 S.W.2d 434, 435-36 (Tex. Crim.
App. 1989). When a defense is raised, it must be submitted to the trier of fact. Johnson v.
State, 571 S.W.2d 170, 174 (Tex. Crim. App. 1978). If there is a reasonable doubt as to the
existence of a defense, the accused must be acquitted. Tex. Pen. Code Ann. § 2.03(d)
(Vernon 2003). In other words, the trier of fact must find against the defendant on the
defensive issue beyond a reasonable doubt. See Saxton v. State, 804 S.W.2d 910, 914 (Tex.
Crim. App. 1991). In a non-jury trial, the trial judge is the exclusive judge of the credibility
of the witnesses and the weight to be given their testimony, and he is authorized to accept or
reject any or all of the testimony for either the State or the accused. Mattias v. State, 731
S.W.2d 936, 940 (Tex. Crim. App. 1987). 

 Moss testified she gave no one permission at any time to drive her vehicle while she
was out of town. Duplechain did not testify at trial and the trial court was free to reject
Bush's testimony and Duplechain's affidavit. Id. We conclude a trier of fact could find
against appellant on the defensive issue beyond a reasonable doubt. We overrule Bush's sole
issue on appeal.

 The trial court's judgment is affirmed.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on December 13, 2006

Opinion Delivered June 6, 2007

Do not publish


Before Gaultney, Kreger and Horton, JJ.