NO. 07-07-0151-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 5, 2008

_____

ARMANDO GONZALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 05-11-6126; HONORABLE HAROLD PHELAN, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Armando Gonzales, was convicted by a jury of unauthorized use of a motor vehicle. Punishment was assessed by the trial court at fifteen months confinement. Presenting a sole point of error, Appellant maintains the trial court erred in denying his requested charge on the defense of mistake of fact. We reverse and remand.

## Background Facts

On October 22, 2005, the Hockley County Sheriff's Office was participating in an auction to sell some patrol cars and seized vehicles. Although the auction was conducted by Floyd Nesbitt, Sheriff David Kinney put Lieutenant Gordon Bohannon in charge of supervising the sale of the vehicles. Bohannon informed Nesbitt that the vehicles were to be sold "as is" with no test driving allowed. The vehicles had the keys in them. While Bohannon was gone for lunch, Appellant got into a red Dodge Neon and casually drove away from the auction. The Neon was reported missing and officers were notified to be on the lookout for it.

Officer Justin Ty Land testified that he received a call concerning a possible stolen vehicle and approximately ten minutes later located the Neon at a Dollar General Store. When Land approached Appellant, who was inside the store, Appellant politely turned the keys over to him and explained that he had been given permission to test drive the Neon by a large Hispanic male at the auction.

Bohannon arrived at the scene and as Appellant was being placed in the patrol car, he heard him holler and scream that he was merely test driving the vehicle. Bohannon testified that the Neon was parked in front of the store and in no way hidden. Appellant was charged with unauthorized use of a vehicle.

2

By his sole point of error, Appellant maintains the trial court erred in denying his requested charge on the defense of mistake of fact. We agree. During the charge conference, defense counsel objected to the court's failure to include an instruction of mistake of fact and requested three alternative instructions which the trial court denied.

## Discussion

A person commits the offense of unauthorized use of a vehicle if he intentionally or knowingly operates another's . . . motor-propelled vehicle without the effective consent of the owner. Tex. Penal Code Ann. § 31.07(a) (Vernon 2003).[1] The offense of unauthorized use of a vehicle encompasses two distinct conduct elements: (1) proof of the *forbidden conduct* (i.e. whether the defendant intentionally or knowingly operated a motor vehicle)*,* and (2) proof of the *attendant circumstances* of the crime (i.e. whether the defendant knew his use was without the effective consent of the owner). *McQueen v. State,* 781 S.W.2d 600, 603 (Tex.Crim.App. 1989). *See also Gardner v. State*, 780 S.W.2d 259, 262 (Tex.Crim.App. 1989) (Emphasis in original).

It is a defense to prosecution of an offense if the actor, through mistake, formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense. *See* § 8.02(a). It is a defense to prosecution of the offense of unauthorized use of a vehicle if the actor, through mistake, formed a

[1]Unless otherwise indicated, this and all future section references are references to the Texas Penal Code (Vernon 2003).

3

reasonable belief that he had the consent of the owner to operate the vehicle. *McQueen,* 781 S.W.2d at 603.

If there is some evidence presented raising the issue of mistake of fact, a defendant is entitled to an instruction on the issue. *See Woodfox v. State*, 779 S.W.2d 434, 435-36 (Tex.Crim.App. 1989), citing *Lynch v. State*, 643 S.W.2d 737, 738 (Tex.Crim.App. 1983) (rejecting the State's contention that unauthorized use of a motor vehicle was a strict liability criminal offense). It is not necessary that the defendant offer direct personal testimony in order to be entitled to an instruction on mistake of fact. *Woodfox*, 779 S.W.2d at 435.

In the case at issue, Kinney and Bohannon both testified that neither had given Appellant permission to drive the Neon. However, Land and Bohannon both testified that Appellant claimed he had been given permission by a large Hispanic male to test drive the vehicle. Appellant also presented evidence through a friend, whom he had picked up while driving the Neon, that he had represented to his friend that he was merely test driving the vehicle.

Nesbitt testified that none of the people helping him with the auction were identified by particular clothing or name tags. A novice attending an auction might not have known whom to approach with questions nor been aware of procedures and policies. Additionally, both Land and Bohannon testified that no follow-up investigation was conducted to determine if Appellant's story was credible. In fact, in response to questioning from

4

defense counsel, Bohannon testified he "wouldn't have cared" and didn't think it was important to investigate whether someone had given Appellant permission to test drive the vehicle because he believed Appellant was lying. However, when asked to place himself in Appellant's position, he conceded he would have been angry if no one had followed up on the allegation.

Relying on *Bruno v. State*, 845 S.W.2d 910 (Tex.Crim.App. 1993), the State maintains that the evidence that Appellant had permission to test drive the vehicle was insufficient to entitle him to an instruction on mistake of fact. We distinguish *Bruno.* In *Bruno*, the appellant claimed that the true owner of the vehicle gave him permission to use her vehicle. Although a defensive instruction on mistake of fact was given, the appellant complained that doing so incorrectly placed the burden of proof on him. The Court of Criminal Appeals found that the charge as given properly placed the burden on the State, but went on to find that the instruction was not necessary in the first place because a mistake of fact instruction was not proper when the issue was whether or not the true owner did or did not give permission to operate the vehicle.

We find the underlying facts to be closer to those in *Gardner v. State*, 780 S.W.2d 259 (Tex.Crim.App. 1989), which involved a third party whom the actor believed had authority to give him consent to operate a vehicle. *Id*. at 260. The Court found that a mistake of fact instruction was proper because the jury could have believed that both: (1) the defendant believed that he had the consent of the third party to use the vehicle and (2)

5

that the true owner of the vehicle had not given him permission. *Id*. at 262-63. In *Bruno,* the jury could not believe both the testimony of the true owner of the vehicle and the testimony of the appellant as it could in *Gardner*. *Bruno*, 845 S.W.2d at 913. In *Bruno,* the mistake of fact instruction was unnecessary because only one of the incompatible stories could have been believed. *Id.*

The State did not present any evidence that Appellant believed that the large Hispanic male was the true owner of the Neon. As an auction attendee, Appellant could have believed that a third party with authority to give consent to test drive the Neon had done so. Land, Bohannon, and Appellant's friend testified that Appellant claimed to have been given permission to drive the Neon by a large Hispanic male. Thus, under *Woodfox*, there was at least some evidence entitling Appellant to a defensive instruction on mistake of fact because the jury could have believed that both (1) Appellant believed he had the consent of a third party to drive the Neon and (2) the true owner of the vehicle had not given him permission. We conclude the trial court erred in denying Appellant's requested instruction. Point of error one is sustained.

Accordingly, the trial court's judgment is reversed and the cause is remanded to the trial court for further proceedings.

Patrick A. Pirtle
Justice

Do not publish.

6