Howard Leroy WOODFOX, Appellant,

v.

The STATE of Texas, Appellee.

No. 595–86.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 2, 1987.

Douglas M. O'Brien (court appointed on appeal only) Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and J. Harvey Hudson and Pat Shelton, Asst.

Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted, after a jury trial, of unauthorized use of a motor vehicle. V.T.C.A., Penal Code § 31.07. The jury assessed a punishment of imprisonment for 20 years, enhanced under V.T.C.A., Penal Code § 12.42(a). The Fourteenth Court of Appeals affirmed in an unpublished opinion, *Woodfox v. State*, No. B14–85–155–CR (Tex.App.—Houston [14th] April 17, 1986). We granted the appellant's petition for discretionary review to determine whether a non-testifying defendant can raise the defense of mistake of fact through a second party such as to receive an instruction by the trial court.[1] We hold that he may and we will remand to the Court of Appeals.

On June 4, 1984, complainant, Sherry Ferrel stopped her car at a service station. Leaving the car running, she placed a call at a pay phone. Two men jumped into her car and drove it away. Ms. Ferrel told her friend on the phone what had happened, and he called the police. The next day, Houston police officers Crosby and McCorvey saw appellant driving complainant's car at a high rate of speed. The officers ran a check on the license plate and learned that the car had been stolen. They called for assistance and when two additional police cars responded to their call, they stopped appellant, who was the only occupant of Ms. Ferrel's car. The officers arrested appellant for auto theft. Appellant was read his rights, and he told the police that he had borrowed the car from William Davis. He was then taken to the police department's auto theft division.

At trial, the State called Ms. Ferrel and both arresting officers as witnesses. Both of the officers testified that the appellant

---

1. What we have stated in the body of the opinion is appellant's ground for review. The reason for entertaining review is that the Court of Appeals decision is in conflict with decisions from this Court. *Lynch v. State,* 643 S.W.2d 737 (Tex.Cr.App.1983); *Gavia v. State,* 488 S.W.2d 420 (Tex.Cr.App.1973). See Tex.R.App.Pro. 200 (c)(3).

told them that he had gotten the car from William Davis an hour before appellant's arrest. Appellant did not take the stand or introduce any evidence. Before the charge was read to the jury, appellant's attorney asked for an instruction on mistake of fact, pursuant to V.T.C.A., Penal Code § 8.02. The judge refused this request.

Citing *Williams v. State*, 605 S.W.2d 596 (Tex.Cr.App.1980), and *Harper v. State*, 533 S.W.2d 776 (Tex.Cr.App.1976), the Court of Appeals held that the arresting officers' testimony "alone is insufficient to support the submission of the [mistake of fact] instruction." *Woodfox v. State*, supra at 2.

Appellant argues that *Williams*, supra, and *Harper*, supra, should be distinguished from the instant case because in neither *Williams* nor *Harper* did counsel request an instruction on the affirmative defense of mistake of fact. Instead, the requested instructions concerned definitions of "consent" and "ownership".

Appellant, additionally, contends that the Court of Appeals opinion is inconsistent with our decision in *Lynch v. State*, 643 S.W.2d 737 (Tex.Cr.App.1983). *Lynch*, supra, held that a defendant who testified that he borrowed the stolen car from a person who he believed was its rightful owner was entitled to an instruction on mistake of fact.

In its brief, the State argues that the evidence raised no issue of mistake of fact and that there was no evidence that appellant believed that William Davis was the owner of the car. The State seeks to distinguish *Lynch*, supra, on the ground that the defendant in *Lynch* testified, whereas the appellant in the instant case did not.

"In determining whether any defensive charge should be given, the credibility of evidence or whether it is controverted or conflicts with other evidence in the case may not be considered. When a defensive theory is raised by evidence from any source and a charge is properly requested, it must be submitted to the jury." *Gavia v. State*, 488 S.W.2d 420, 421 (Tex.Cr.App. 1972). See also, e.g., *Sanders v. State*, 707 S.W.2d 78, 80 (Tex.Cr.App.1986) [2]; *Booth v. State*, 679 S.W.2d 498, 501 (Tex.Cr.App. 1984); *Moon v. State*, 607 S.W.2d 569, 570 (Tex.Cr.App.1980); *Green v. State*, 566 S.W.2d 578, 584 (Tex.Cr.App.1978); *Cain v. State*, 549 S.W.2d 707, 713, cert. denied 434 U.S. 845, 98 S.Ct. 149, 54 L.Ed.2d 111 (Tex.Cr.App.1977); *McKenzie v. State*, 521 S.W.2d 637, 639 (Tex.Cr.App.1975); *Thompson v. State*, 521 S.W.2d 621, 625 (Tex.Cr.App.1974); *Hubbard v. State*, 153 Tex.Cr.R. 143, 217 S.W.2d 1019, 1020 (1949). This well-established principle has been applied specifically to a defendant charged with unauthorized use of a motor vehicle who requested a jury instruction concerning his mistaken belief that he was borrowing the stolen car from its rightful owner. *Lynch v. State*, supra. This rule is designed to insure that the jury, not the

---

**2.** In *Sanders*, defendant was charged with burglarizing a pawn shop and removing a guitar. Defendant claimed that he had bought the guitar from an unidentified man, about 5 minutes before the police arrived. In order to be convicted for burglary, a jury must find that the defendant (1) entered a building, (2) without the effective consent of the owner, (3) with the intent to commit a felony or a theft. V.T.C.A., Penal Code § 30.02(a)(1). Had the jury believed defendant's story, they would have necessarily believed that he neither entered the store nor took the guitar. Because the defense theory merely negated an element of the offense, no instruction was needed. *Sanders*, supra at 81.

The offense of unauthorized use of a motor vehicle requires that the defendant (1) intentionally operates a motor-powered vehicle, (2) without the effective consent of the owner. V.T.C.A., Penal Code § 31.07(a). If a jury were to

believe the defense theory in the instant case, they could still find intentional operation of a motor vehicle and lack of effective consent. The testimony established both of these elements, and the alleged mistake of fact is not inconsistent with either element. The notion that appellant's mistaken belief is a defense to the offense alleged can not be found in the statute, itself. Section 8.02 of the Penal Code is the only statutory source which makes a mistake of fact a defense to section 31.07.

A failure to instruct on good faith purchase in *Sanders* did not deprive the jury of any essential statutory information. The charge on the elements of the offense was adequate. In the instant case, mistake of fact is a defense only by virtue of a separate section of the code. The charge, as delivered to the jury, failed to provide them with information which was necessary to place all evidence in its proper legal context.

judge, will decide the relative credibility of the evidence. *Gauthier v. State*, 496 S.W.2d 584, 585 (Tex.Cr.App.1973). When a judge refuses to give an instruction on a defensive issue because the evidence supporting it is weak or unbelievable, he effectively substitutes his judgment on the weight of the evidence for that of the jury. *Id.* The the weight of evidence in support of an instruction is immaterial. E.g., *Booth v. State*, supra.

Both *Williams* and *Harper* have facts which are essentially identical to the facts in the instant case. In *Williams* and *Harper*, defendants were driving a stolen car when they was stopped by the police. The defendants told the arresting officers that the cars were obtained from some specified person. At both trials, the arresting officers testified to defendants' out of court statements while the defendants themselves chose not to testify.

The relevant language in *Williams* states:

> It has long been the rule in this State that in felony cases it is necessary to give instructions which are applicable to every legitimate deduction form the facts. Literally dozens of cases are cited in 12A Tex.Digest, Criminal Law, Key No. 770(2) (1961). The rule and supporting authorities were set out in detail in *Gauthier v. State.*
>
> But the rule is not applicable here. In *Bonner v. State*, this Court reversed a conviction upon similar facts; but the distinction there is that the defendant testified that he did not know the car was stolen and that he had been given the car to use by his friend James. This Court held that this was sufficient to raise the defensive issue and to require the court to charge the jury thereon. In our case, the appellant did not testify, the only evidence being the officer's testimony as to appellant's exculpatory statement. In this respect, the decision in *Harper v. State* is dispositive.

605 S.W.2d at 599 (citations omitted).

Appellant suggests that we avoid the holdings in *Harper* and *Williams* by distinguishing them from the facts in the instant

case. We recognize appellant is correct when he points out that in neither of those cases was there a request for an instruction on mistake of fact. We do not find this distinction to be meaningful. Within the context of *Harper* and *Williams*, the requested instructions on "ownership" and "consent" were tantamount to and had the same effect as a mistake of fact instruction. We therefore find appellant has advanced a distinction without a difference.

We now find it necessary to confront the holding in *Williams* and *Harper*. This Court effectively departed from the general rule "that entitles a defendant to an affirmative submission of defenses raised by the evidence." *Lynch*, supra at 738. We think such a departure violates the general rule, which requires the jury to be the ultimate arbiter of facts. This departure further implicates an accused's right not to testify, pursuant to Article I, sec. 10 of the Texas Constitution and the Fifth Amendment to the United States Constitution. Predicating a defendant's right to a jury instruction upon his taking the stand suggests, at the very least, a mild form of compulsion to testify. As this court has stated:

> The right of an accused party to be free from the fear of compelled self-incrimination and to remain silent is a vital protection which our society provides a citizen accused of a criminal offense. This personal right cannot in any way be abridged....

*Jones v. State*, 693 S.W.2d 406, 407 (Tex. Cr.App.1985). Given the importance of the rights protected by the Fifth Amendment and Article I, section 10 and the lack of any compelling reason for the continued vitality of the *Williams* and *Harper* exception, we find it preferable to overrule them in so far as they conflict with today's holding.

Appellant's petition was granted so that this Court could answer the limited question of whether a defendant must always offer evidence in order to be entitled to an instruction on mistake of fact. Having answered that question in the negative, we express no opinion as to the ultimate outcome of this case.

This case is remanded to the Court of Appeals for action not inconsistent with this opinion.

ONION, Presiding Judge, dissenting.

The jury assessed appellant's punishment at 20 years' imprisonment after convicting him of unauthorized use of a motor vehicle. V.T.C.A., Penal Code, § 31.07. The punishment was enhanced under V.T.C.A., Penal Code, § 12.42(a), by allegation, proof and finding of a prior felony conviction of aggravated robbery.

On appeal appellant raised two points of error. First, he contended that the court erred in denying his requested charge on "owner." His second point of error is set out in his original appellate brief in its entirety as follows:

> "THE TRIAL COURT ERRED IN FAILING TO CHARGE THE JURY ON THE DEFENSE OF MISTAKE OF FACTS.
>
> "The appellant's explanation to the police officers concerning his use of the car by permission (introduced by the State) clearly entitles the appellant to an instruction on the defense of mistake of fact. *Lynch v. State*, 643 S.W.2d 737, 738 (Tex.Cr.App.1983)."

The Court of Appeals in an unpublished opinion rejected both points of error and affirmed the judgment of conviction. *Woodfox v. State* (Tex.App.–Houston [14th] 1986—No. B14–85–155–CR). In disposing of appellant's second contention the court wrote:

> "In his second ground of error, appellant alleges the trial court erred in refusing his requested instruction on mistake of fact. At the time of his arrest, appellant told officers he had gotten the car from 'Willie Davis.' Appellant did not take the stand. The defense did not call Willie Davis as a witness. Based upon the officers' testimony of appellant's exculpatory statement, appellant claims he is entitled to a charge on the defense of mistake of fact. Such evidence alone is insufficient to support the submission of the instruction. *Williams v. State*, 605 S.W.2d 596 (Tex.Crim.App.

1980); *Harper v. State*, 533 S.W.2d 776 (Tex.Crim.App.1976). Appellant's second ground of error is overruled."

Appellant's sole ground for review is "The trial court erred in failing to charge the jury on the defense of mistake of fact." In his brief in support of his petition for discretionary review he contends that the Court of Appeals' decision is in conflict with *Lynch*, supra, for the explanation to the police at the time of arrest was sufficient to entitle him to the instruction requested. He further argued that *Williams* and *Harper*, supra, did not involve affirmative submission of a defense and the Court of Appeals' reliance thereon was misplaced.

We granted the petition for discretionary review.

A review of the evidence is here helpful. Sherry Ferrel stopped her car at a service station about 10 p.m. on June 4, 1984. She left the keys in the ignition and the motor running while she used a pay telephone. Two men jumped into her car and drove it away. Ferrel reported this event to her friend to whom she was talking on the phone and the police were called. She testified she did not give appellant or anyone else permission to operate her car. At 2:30 a.m. on June 5th, about four and a half hours after the car was taken, Houston police officers C.B. Crosby and Thomas James McCorvey observed appellant driving a car at a high rate of speed. A license check revealed that the car had been reported stolen. The officers, with assistance of other police units, stopped the car which was shown to be Ferrel's. Appellant was the only occupant. Ferrel's purse, driver's license, etc., were in the car. Appellant was told he was being arrested for automobile theft, and he was read his rights. Officer Crosby testified appellant "gave me some name of some person that *gave* it [car] to him," that the name given was "William Davis." Officer McCorvey testified appellant told him he "got it from a friend" about an hour earlier, that the name given was William Davis, that appellant stated Davis lived at Kelly Courts, a housing project, but that Davis was not there as Davis and his girlfriend left in

another car. McCorvey was unable to locate Davis through a computer check for those with criminal records or with driver's licenses.

There was no other evidence offered by the State on the subject matter, and appellant offered no evidence at all.

Before the charge was read to the jury at the guilt stage of the trial, the record reflects that appellant's counsel orally stated to the court:

"First of all, a charge on whether or not police officers had probable cause to make the arrest, and I ask for a ruling on that.

"THE COURT: That will be denied.

"MS. IRVIN: Thank you. *We ask for a charge of mistake of fact.*

"THE COURT: *I think the case is right on point stating a mistake of fact is not an issue in unauthorized use of motor vehicle cases.*

"MS. IRVIN: We ask for a charge on exculpatory statements...." (Emphasis supplied.)

This is all that is found in the record as to either an objection or special requested charge as to a mistake of fact.

Article 36.15, V.A.C.C.P. (Requested Special Charges), authorizes either party to present "written instructions" to the court and ask that they be given to the jury. It further provides: "The requirement that the instructions be in writing is complied with if the *instructions* are dictated to the court reporter in the presence of the court and the state's counsel, before the reading of the charge to the jury."

As is clear the record does not reflect that the *instructions* requested were in writing or dictated to the court reporter. There was no compliance with Article 36.-15, V.A.C.C.P.

Article 36.14, V.A.C.C.P., provides that a defendant or his counsel may object to the court's charge "in writing, *distinctly specifying each ground of objection.* The statute also provides that the requirement "the objections to the court's charge be in writing will be complied with if the objections are dictated to the court reporter in the presence of the court and the state's counsel before the reading of the court's charge to the jury." This latter provision does not eliminate the requirement that the defendant distinctly specify each ground of objection.

If the statement alone "We ask for a charge of mistake of fact" is an objection, it certainly fails to distinctly specify the basis or ground of the objection as required by Article 36.14, supra. Which mistake of fact did the appellant have reference to negating the kind of culpability required by commission of the offense?

V.T.C.A., Penal Code, § 8.02(a), provides:

"(a) It is a defense to prosecution that the actor *through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for the commission of the offense.*" (Emphasis supplied.)

Even if it can be argued the "objection" was a valid one under Article 36.14, supra, it must be observed that this Court has held the elements of the offense under V.T.C.A., Penal Code, § 31.07, to be that (1) a person (2) intentionally and knowingly (3) operates an airplane, boat or motor-propelled vehicle (4) without the effective consent of the owner. *Musgrave v. State*, 608 S.W.2d 184, 189 (Tex.Cr.App.1980); *Neely v. State*, 571 S.W.2d 926 (Tex.Cr.App.1978). And this Court has held that there is no requirement that the prosecution prove that a defendant knew or should have known he was operating the motor vehicle without the owner's effective consent, or that the vehicle was stolen. All that is necessary is a showing the defendant intended to operate the vehicle, and that such operation was without owner's consent. *Musgrave*, supra, at 189–190. It is therefore irrelevant whether a defendant knew he was driving the car of a friend or one that was stolen. A defendant's knowledge he is acting without the owner's consent is not an element of the offense. *Musgrave*, supra, at 191.

In *Johnson v. State*, 635 S.W.2d 564 (Tex.App.–Houston [14th] 1982), the court, relying upon *Musgrave* and *Neely*, held

that where it was irrelevant whether the defendant knew he was driving a friend's car or one that was stolen, a charge on mistake of fact was unnecessary upon request and the trial court did not err in so refusing to instruct the jury. It appears this was the decision upon which the trial court relied in overruling the "request" or "objection." See also *Thomas v. State*, 646 S.W.2d 565 (Tex.App.–Houston [1st] 1982).

In addition, even if this was not true, the evidence would not support a charge on mistake of fact. See § 8.02, supra. There was no evidence that appellant didn't know the car was stolen. He merely said in exculpatory statements at the time of his arrest that a William Davis "gave" him the car an hour before. There was no evidence that appellant through a mistake formed a reasonable belief about a mistake of fact which would negate a necessary kind of culpability. The lack of evidence to support the charge forms another basis of upholding the trial court's action.

The majority errs in overruling *Williams v. State*, 605 S.W.2d 596 (Tex.Cr.App.1980), and *Harper v. State*, 533 S.W.2d 776 (Tex.Cr.App.1976), even to the extent of any conflict. Those cases do not hold that a defendant must necessarily testify in order to raise the defensive issue of mistake of fact or the defensive issues there involved. All *Williams* and *Harper* did was to attempt to distinguish the factual situation in the case from *Bonner v. State*, 426 S.W.2d 869 (Tex.Cr.App.1968), where the defendant had testified. The defendants in *Williams* and *Harper* had relied on *Bonner* to support their argument the evidence was sufficient to raise the submission of the defensive issue requested. This Court pointed out their reliance was misplaced because in *Bonner* the defendant's testimony had clearly raised the defensive issue, and that in *Williams* and *Harper* the defendants had not testified and the evidence did not raise the defensive issue. This Court did not hold that only the defendant's testimony may raise such defensive issues. The majority simply misreads *Williams* and *Harper* and there is no excuse for overruling such cases.

For all the reasons discussed above, I find it ridiculous to remand this cause to the Court of Appeals, keep this cause in the heavenly appellate orbit, delay the finality of the judgment, further exhaust judicial resources, the State's money, and insure, in all likelihood that we will once again be able to open up the same appellate record and find ourselves right where we are today.

I dissent most vigorously.

DAVIS, McCORMICK and WHITE, JJ., join this opinion.