**Howard Leroy WOODFOX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–85–155–CR.**

Court of Appeals of Texas,
Houston (14 Dist.).

June 16, 1988.

---

Henry K. Oncken, Houston, for appellant.

John B. Holmes, Jr., Douglas M. O'Brien, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

Appellant entered a plea of not guilty before a jury to the offense of unauthorized use of a motor vehicle. TEX.PENAL CODE ANN. § 31.07. He was convicted and the jury assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.42(a), at imprisonment for twenty (20) years.

This Court affirmed the conviction in an unpublished opinion on April 17, 1986. On December 2, 1987, the Court of Criminal Appeals remanded the case to this Court for further consideration of appellant's second point of error. *Woodfox v. State*, 742 S.W.2d 408 (Tex.Crim.App.1987). We note that at the time of our original opinion, we did not have the benefit of the *Woodfox* opinion. Accordingly, we now hold the trial court erred and we reverse the conviction of the trial court and remand for a new trial.

In his second point of error, appellant contends the trial court erred in failing to charge the jury on the defense of mistake of fact. On June 4, 1984, complainant, Sherry Ferrel stopped her car at a service station. Leaving the car running, she placed a call at a pay phone. Two men jumped into her car and drove it away. Ms. Ferrel told her friend on the phone what had happened, and he called the police. The next day, Houston police officers Crosby and McCorvey saw appellant driving complainant's car at a high rate of speed. When the officers ran a check on the license plate and learned that the car had been stolen, they stopped appellant, who was the only occupant of Ms. Ferrell's car, and arrested him for auto theft. Appellant was read his rights, and he then told the police that he had borrowed the car from William Davis.

At trial, the State called Ms. Ferrel and both arresting officers as witnesses. Both of the officers testified that the appellant told them that he had gotten the car from William Davis an hour before his arrest. Appellant did not take the stand or introduce any evidence. Before the charge was read to the jury, appellant's attorney asked for an instruction on mistake of fact, pursuant to Tex.Penal Code Ann. § 8.02. The judge refused this request.

On submission of appellant's petition for discretionary review, the Court of Criminal Appeals held a nontestifying defendant can raise the defense of mistake of fact through a second party so as to receive an instruction from the trial court. *Woodfox v. State*, 742 S.W.2d at 408. When a defensive theory is raised by evidence from any source and a charge is properly requested, it must be submitted to the jury. *Woodfox v. State*, 742 S.W.2d at 409; *Gavia v. State*, 488 S.W.2d 420 (Tex.Crim.App.1972).

In this case, the defense of mistake of fact was raised when the two officers testified appellant told them that he had gotten the car from William Davis. Thereafter, appellant timely requested an instruction on the defense of mistake of fact. The trial court erred when it refused to give the requested instruction. Appellant's second point of error is sustained.

Accordingly, the judgment of the trial court is reversed and the cause remanded for a new trial.