# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00184-CR

**Willis J. Wilson, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 49,306, HONORABLE OLIVER KELLEY, JUDGE PRESIDING

A jury convicted appellant Willis J. Wilson, Jr. of aggravated assault. *See* Tex. Penal Code Ann. § 22.02 (West 1994). In his only point of error, appellant asserts that the trial court erroneously denied his requested jury instruction on the issue of self-defense. We will overrule appellant's point of error and affirm the trial court judgment.

### BACKGROUND

Appellant and Tammy McCrea lived together for one-and-one-half years before McCrea broke off the relationship. After she terminated the relationship, appellant told McCrea he would injure anyone McCrea might date in the future. A few days after breaking up, appellant agreed to watch McCrea's child so McCrea could work that night. While at work, McCrea

invited Justin Reeher to meet her at her home at 3:00 a.m., about one hour after McCrea got off work. When McCrea arrived home after work, she asked appellant to leave but he refused. When Reeher arrived, appellant confronted him in the driveway. Reeher stated that he was in the wrong driveway and left. Sometime later, Reeher returned and appellant again confronted him in the driveway. After appellant and Reeher exchanged words about who McCrea "wanted," Reeher, according to appellant's statement to the police, "lifted his left arm and opened the car door and got out." Appellant grabbed Reeher, threw him to the ground, and hit or kicked Reeher several times in the head. McCrea came out of the house and saw appellant kick Reeher in the head while Reeher was lying on the ground. Reeher was in a coma for approximately one week and suffered lasting effects from the injuries he received in the assault. Reeher's treating physician testified that Reeher had suffered serious bodily injury resulting from multiple blows to the head.

Appellant was charged with aggravated assault. During trial, appellant sought a jury instruction on the issue of self-defense. The trial court denied appellant's request. The jury convicted appellant of aggravated assault and found that appellant had used a deadly weapon (his hands or feet) in the attack on Reeher. The court assessed punishment at forty years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

**DISCUSSION**

Appellant contends the trial court erred in denying him an instruction on self-defense. An accused has the right to an instruction on any defensive issue raised by the evidence,

2

whether that evidence is weak or strong, unimpeached or contradicted, and regardless of the trial court's assessment of the credibility of the evidence. *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). The defendant's testimony alone may be sufficient to raise a defensive theory requiring a charge. *Dyson v. State*, 672 S.W.2d 460, 463 (Tex. Crim. App. 1984). However, if the testimony or other evidence viewed in a light favorable to the defendant does not establish self-defense, an instruction is not required. *See Granger*, 3 S.W.3d at 38*; Dyson*, 672 S.W.2d at 463.

Because appellant used "deadly force" in the assault on Reeher, appellant must present evidence to show the following: (1) he would have been justified in using force; (2) a reasonable person in his situation would not have retreated; and (3) he reasonably believed the use of deadly force was immediately necessary to protect himself against another's use or attempted use of unlawful deadly force, or to prevent the imminent commission of specified violent crimes. *See* Tex. Penal Code Ann. § 9.32 (West Supp. 2000); *see also Werner v. State*, 711 S.W.2d 639, 644 (Tex. Crim. App. 1986).

Appellant did not testify at trial, but his statement to the police was read into the record and admitted as evidence. In his statement, appellant declared, "I just felt that I was defending myself. This would not have happened if [Reeher] had not raised his arm and got [*sic*] out of the car." This evidence does not establish that appellant believed the use of deadly force was immediately necessary to protect himself from Reeher's use or attempted use of deadly force. In fact, there is no evidence that Reeher used or attempted to use any force towards appellant or

that appellant believed Reeher was going to use deadly force. In the absence of any evidence showing use or attempted use of deadly force by the victim, appellant has not demonstrated a basis for the statutory defense permitted by section 9.32, and he was not entitled to the jury instruction. *See Werner*, 711 S.W.2d at 644. Furthermore, appellant did not provide any evidence that a reasonable person in appellant's situation would not have retreated. Nor did appellant show any reason why he was unable to retreat. Therefore, the trial court did not err in refusing to instruct the jury on self-defense. *See id.* at 645.

Appellant relies on language in *Granger,* which states, "When a judge refuses to give an instruction on a defensive issue because the evidence supporting it is weak or unbelievable, he effectively substitutes his judgment on the weight of the evidence for that of the jury." *Granger*, 3 S.W.2d at 38 (citing *Woodfox v. State*, 742 S.W.2d 408, 410 (Tex. Crim. App. 1987)). In *Granger*, the defendant testified that he believed a parked car was empty before he fired shots into it. *Id*. at 37. The court allowed a mistake-of-fact instruction because the defendant testified to facts giving rise to the defensive issue. *See id*. at 41. Here, appellant did not testify to facts or provide any evidence giving rise to the defensive issue. Appellant's statement, "I just felt that I was defending myself," is not evidence that appellant believed deadly force was immediately necessary to protect himself from Reeher's use or attempted use of deadly force. The evidence shows only that Reeher "lifted his left arm" and got out of the car. This is not evidence that Reeher used or attempted to use deadly force, or that appellant believed Reeher was going to use deadly force.

Even if appellant did believe that he needed to protect himself against Reeher's use or attempted use of deadly force, appellant still was not entitled to a self-defense instruction. Appellant did not retreat after initially assaulting Reeher, and he failed to present any evidence showing why a reasonable person would not have retreated. After throwing Reeher to the ground, appellant continued to strike Reeher in the head multiple times.

In *Riddle v. State*, 888 S.W.2d 1 (Tex. Crim. App. 1994), the appellant hit the victim in the head with a tire iron after the victim attempted to sexually assault the appellant. The court of criminal appeals observed:

> Appellant remembered the victim raising his hands, grabbing his head and moaning. Thereafter, appellant hit the victim in the head at least fourteen more times. There was no testimony the victim ever attempted to sexually assault appellant or harm him in any way after the initial blow to the victim's head. Appellant did not testify he could not retreat or he attempted to retreat but was prevented from doing so. There was no evidence [the victim] wielded a weapon which prevented appellant from leaving. Appellant was not justified in his use of deadly force. … A reasonable person would have retreated without using deadly force and, therefore, appellant was not entitled to an instruction on self-defense.

*Id.* at 6-7. The instant case is analogous to *Riddle*. Reeher's treating physician testified that Reeher was injured by multiple blows to the head. Tammy McCrea witnessed appellant kick Reeher in the head while Reeher was lying on the ground. Appellant told the police that he "kind of lost [his] mind" after he threw Reeher on the ground. As in *Riddle*, there is no testimony that Reeher attempted to harm or assault appellant after appellant threw Reeher to the ground. Appellant did not testify that he could not retreat or that he attempted to retreat but was prevented

5

from doing so.  The record does not reflect that appellant was justified in using deadly force. Appellant was therefore not entitled to an instruction on self-defense.  *See id.*

## CONCLUSION

Because appellant did not present evidence that raised the issue of self-defense according to the statutory requirements of section 9.32, we overrule appellant's point of error and affirm the judgment of conviction.

_____

Marilyn Aboussie,  Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed:   October 26, 2000

Do Not Publish

6