IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1943-04





ROBERT CHARLES McDONALD, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Cochran, J., filed a concurring opinion.


O P I N I O N 


 I join the majority opinion. I add these comments only to elaborate on why the
majority appropriately conducts a harm analysis under Rule 44.2(b) of the Texas Rules of
Appellate Procedure, rather than remanding this case to the court of appeals to make that
determination.

 Normally, when this Court concludes that a court of appeals has erred in rejecting a
criminal defendant's point of error on appeal, we remand the case to the intermediate court
to decide if the error was harmful. (1) We defer to the intermediate court and provide it with
the initial opportunity to assess the degree of harm in light of the entire record, (2) and, perhaps
more importantly, to provide the parties an opportunity to fully brief the issue of harm.

 However, like the United States Supreme Court, we do have the inherent authority to
review the trial record to evaluate whether error is harmless. (3) In United States v. Hasting, (4)
the Supreme Court noted that because "this Court has before it the same record the Court of
Appeals reviewed, we are in precisely the position of that court in addressing the issue of
harmless error." (5) 

 The primary arguments in favor of having the appellate court which found error in the
case also decide if that error is harmful are to avoid "keep[ing] this cause in the heavenly
appellate orbit, delay[ing] the finality of the judgment, further exhaust[ing] judicial resources
[and] the State's money, and insur[ing], in all likelihood that we will once again be able to
open up the same appellate record and find ourselves right where we are today." (6) While
these are powerful arguments against bouncing a criminal case back and forth between
appellate courts, we, like the Supreme Court, rarely exercise our authority to make an initial
harmless error review. 

 But there are times in which we should exercise that authority: when the record
clearly demonstrates that the error is obviously either harmful or harmless. (7) In those
instances, the time, money, and effort expended on a remand are not worth the candle of
comity and continued litigation.

 This is one such case. Here the error is clearly harmless. Therefore, I join the
majority in declining to expend scarce judicial resources by remanding this particular case
to the court of appeals to re-review the record before reaching a foregone conclusion. 


Filed: November 23, 2005

Publish



 
1. See, e.g., Saenz v. State, 843 S.W.2d 24, 29 (Tex. Crim. App. 1992) (Clinton, J.,
concurring) (arguing that "[b]ecause we are a discretionary review court, and not, in this context,
'the appellate court,' [set out in former Tex. R. App. P. 81(b)(2)], we should not resolve the issue
of harmfulness as a matter of first impression"); but see id. at 30-32 (Baird, J., concurring and
dissenting) (arguing that "remanding cases for a harm analysis is an illusory display of respect
and a meaningless squandering of judicial resources that our over-burdened appellate court
system can ill afford").
2. See e.g., Gipson v. State, 844 S.W.2d 738, 743-44 (Tex. Crim. App. 1992) (Benavides,
J., concurring) (arguing that "a due regard for the authority of our intermediate appellate courts at
least militates strongly in favor" of this Court exercising restraint in assessing the harmfulness of
error before the intermediate court has had an opportunity to do so because "[i]t is just not
possible to review a matter which has not yet been viewed in the first place").
3. Although the explicit language in Rule 44.2(a) ("If the appellate record in a criminal
case reveals constitutional error that is subject to harmless error review, the court of appeals must
reverse a judgment of conviction or punishment unless the court determines beyond a reasonable
doubt that the error did not contribute to the conviction or punishment") might, at first blush,
suggest that only a court of appeals has the authority to reverse a case for harmful constitutional
error, that is obviously not true. This Court may always reverse a death penalty conviction for
harmful constitutional (or non-constitutional) error, and this court may also always review a court
of appeals's determination of the harmfulness of either constitutional or non-constitutional error. 
What would appear to be the proper explanation for use of this specific language in Rule 44.2 is
the fact that the appellate rule concerning reversible error comes immediately after the rule
dealing with judgments of the courts of appeal (Rule 43), and immediately before several other
rules dealing with opinions and orders issued by the courts of appeals (Rules 44-50). 

 Under Rule 78.1, this Court has the authority to "affirm the lower court's judgment in
whole or in part" (implying that this Court has authority to affirm the judgment of a court of
appeals even if we disagree with its analysis of error, but conclude that the error was harmless);
"reverse the court's judgment in whole or in part and render the judgment that the lower court
should have rendered" (implying that this court has authority to find error in the decision of the
court of appeals and reverse the judgment because that error was harmful); or "reverse the lower
court's judgment and remand the case for further proceedings" (implying that this Court has
authority to find error in the decision by the court of appeals, reverse its judgment and remand
the case to that court for a harm analysis).
4. 461 U.S. 499, 510 (1983) (stating, "Although we are not required to review records to
evaluate a harmless-error claim, and do so sparingly, we plainly have the authority to do so").
5. Id. at 510 n.8; see also United States v. Lane, 474 U.S. 438, 450 (1986) (when error is
clearly harmless because of "overwhelming evidence," Supreme Court would review record to
evaluate harmless-error claim without remanding case to court of appeals).
6. Woodfox v. State, 742 S.W.2d 408, 412-13 (Tex. Crim. App. 1987) (Onion, P.J.,
dissenting).
7. See, e.g., Gipson v. State, 844 S.W.2d 738, 741 (Tex. Crim. App. 1992) (finding error
harmful without remand because trial court specifically relied upon erroneously admitted
confession), id. at 743-44 (Benavides, J., concurring) (arguing that "[d]eciding the question of
harm in most cases where the Court of Appeals has not yet done so produces a result which is at
least potentially different from the result which would have been produced had the Court of
Appeal instead resolved the question itself," but agreeing that in the present case "it seems to me
that the harm is conclusively established on the record by the trial judge's admission that
objectionable evidence was used to convict . . . . there is no potential that the result reached in the
Court of Appeals, were it to review the matter, could possibly be different than the result reached
by the majority here.").