In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-00337-CR


____________________



JAMES MARK GOETSCHIUS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 1


Montgomery County, Texas


Trial Cause No. 06-215912






MEMORANDUM OPINION


 Appellant, James Mark Goetschius, was charged by information with assault--family
violence, a Class A misdemeanor, (1) with the offense date alleged as March 4, 2006. See Tex.
Pen. Code Ann. § 22.01(a)(1), (b) (Vernon Supp. 2008). (2) At the time of the offense,
appellant was living with L.M., in L.M.'s home in Willis, Texas. L.M.'s fifteen year old son,
A.M., and her thirteen year old daughter, H.M., were also living in the home. Appellant had
been living with L.M. and her children for approximately two and a half years prior to the
date of the offense. The instant appeal proceeds from appellant's conviction by a jury for
causing A.M. bodily injury as alleged in the information. (3) The record indicates that
appellant's trial for assaulting A.M. was consolidated with a trial on the separate
misdemeanor charge of assaulting L.M., as both offenses arose out of the same criminal
episode. (4) 

 After the State rested its case-in-chief, the trial court requested suggestions from the
parties on jury charge matters. Appellant's trial counsel requested that both jury charges
include language permitting the jury the option of convicting appellant for the lesser-included
offense of misdemeanor assault by offensive physical contact. See Tex. Pen. Code Ann. §
22.01(a)(3) (Vernon Supp. 2008). (5) The State joined trial counsel's request for the lesser
included offense instruction, commenting: "There is certainly evidence of not only Class C
but a Class A." 

 Upon conclusion of the case for the defense, during which both appellant and his
mother, Lucille Goetschius, testified, a final jury charge conference was held. The State had
no objection to the charge until appellant's trial counsel voiced his request for an instruction
on self-defense, as reflected in the record: 

 [Trial Counsel]: Judge, I have one other request that I had brought up
earlier and I need to renew my request. 


 THE COURT: All right.


 [Trial Counsel]: For a jury instruction with regard to the Information
concerning [A.M.], a request for a self-defense instruction under 9.31 of the
Penal Code. 


 I believe there is ample evidence to show that my client, if he did
commit an assault, was done in self-defense. I think the testimony is clear that
[A.M.], you know, made contact with my client first and that my client
responded either, you know, in committing an assault or in defending himself
under the definition of 9.31. So I'm asking that that instruction be included in
the jury charge as it relates to [A.M.]. 


 THE COURT: All right. And the State's position with regard to self-defense?


 [The State]: Your Honor, the Defendant himself testified that no
assault occurred. And now he's asking for a self-defense instruction. He can't
have it both ways. 


 In order to get an instruction on self defense, the Defendant would have
to concede an assault occurred. He has not done that. 


 THE COURT: I overrule the objection. [sic] Or I deny your request for
inclusion of the self defense language.


It must be observed here that trial counsel's self-defense request was directed only to the
jury's instructions in the cause alleging A.M. as the complainant, and not to the instructions
in the companion case in which L.M. was the complaining witness. 

 The jury convicted appellant of Class A assault on A.M. by causing bodily injury, but
found appellant guilty only of the lesser included Class C assault (offensive physical contact)
in the separate cause involving L.M. The jury was asked to determine punishment only on
the Class A assault conviction; that verdict assessing punishment at confinement in the
Montgomery County Jail for a term of one hundred eighty days. (6) The trial court subsequently
entered judgment on this verdict. The trial court certified appellant's right of appeal and
appellant timely filed notice of appeal. In a single issue, appellant complains the trial court
erred by denying his requested jury instruction on self-defense. The State replies that
appellant was not entitled to such instruction because he did not admit to having committed
the charged offense. 

 A defendant has the right to an instruction on every defensive issue raised by the
evidence, regardless of whether the evidence is strong, feeble, unimpeached, or contradicted,
and even when the trial court thinks the testimony raising the defense is entirely unworthy
of belief. See Walters v. State, 247 S.W.3d 204, 209 (Tex. Crim. App. 2007) (citing Booth
v. State, 679 S.W.2d 498 (Tex. Crim. App. 1984)); Granger v. State, 3 S.W.3d 36, 38 (Tex.
Crim. App. 1999); Saxton v. State, 804 S.W.2d 910, 913 n.9 (Tex. Crim. App. 1991) (now
"axiomatic" that defendant has right to instruction on every defensive issue raised by the
evidence regardless if evidence is strong, feeble, unimpeached, contradicted, or conflicting). 
This rule is designed to make certain that the jury, not the trial judge, will decide the relative
credibility of all the evidence. Granger, 3 S.W.3d at 38 (citing Woodfox v. State, 742 S.W.2d
408, 410 (Tex. Crim. App. 1987) ("When a judge refuses to give an instruction on a
defensive issue because the evidence supporting it is weak or unbelievable, he effectively
substitutes his judgment on the weight of the evidence for that of the jury.")). In addressing
the issue we view the evidence in the light most favorable to the defensive issue requested. 
Bufkin v. State, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006) (citing Ferrel v. State, 55
S.W.3d 586, 591 (Tex. Crim. App. 2001)).

 We agree with the State's argument. The testimony in the case for the defense
expressly contradicted the State's evidence by denying that an assault upon A.M. by
appellant occurred on the evening in question. Consistent with authority cited by the State, (7)
we have previously held that when the defensive issue in question is provided for in Chapter
Nine of the Texas Penal Code, and the defendant fails to admit, or denies having committed
the charged act, the trial court does not err in refusing the requested Chapter Nine defensive
issue. See Modica v. State, 151 S.W.3d 716, 729 (Tex. App.--Beaumont 2004, pet. ref'd);
Gilmore v. State, 44 S.W.3d 92, 96-97 (Tex. App.--Beaumont 2001, pet. ref'd) (defendant's
entitlement to a self-defense instruction that legally excuses the charged conduct necessitates
evidence that defendant engaged in, or admitted having engaged in, the charged conduct). 
Thus, any requested self-defense instruction applicable to the charge of causing A.M. bodily
injury was properly refused. 

 However, the State's brief is silent on the possibility that error occurred from the trial
court's refusal to provide the jury with a self-defense instruction on the lesser included Class
C misdemeanor charge of assaulting A.M. by offensive physical contact. In viewing the
evidence in the light most favorable to the defensive issue requested, we find that a case for
self-defense to the Class C assault offense was made as both appellant and his mother 
testified that appellant did not injure A.M. or cause him any bodily injury, but that appellant
restrained A.M. by placing his arm around A.M.'s shoulders and holding A.M. next to
appellant's body. That this evidence may have seemed incredible when compared to the
State's contrary evidence is inconsequential as these are issues for the factfinder alone. See
Walters, 247 S.W.3d at 209; Granger, 3 S.W.3d at 38; Woodfox v. State, 742 S.W.2d 408,
410 (Tex. Crim. App. 1987); Thompson v. State, 521 S.W.2d 621, 624 (Tex. Crim. App.
1974). 

 In requesting the self-defense instruction, appellant's trial counsel explained that as
the evidence indicated A.M. initially "made contact" with appellant, and that appellant's
response was limited to "defending himself under the definition of [Texas Penal Code
section] 9.31," appellant was entitled to a self-defense instruction with regard to the alleged
assault on A.M. At the time of the offense in question, the applicable law governing self-defense provided that "a person is justified in using force against another when and to the
degree he reasonably believes the force is necessary to protect himself against the other's use
or attempted use of unlawful force." (8)

 Considering the evidence contained in the record before us, we find the trial court
erred in refusing the requested self-defense instruction only as to the lesser included Class
C assault (offensive physical contact) allegation. See Starks v. State, 127 S.W.3d 127, 132-33 (Tex. App.--Houston [1st Dist.] 2003, pet. dism'd) (jury charge contained conviction
options of aggravated assault and lesser included misdemeanor assault and no record
evidence of defendant being in either real or apparent danger of deadly force from victim;
jury charge still erroneous when trial court refused defendant's requested section 9.31 self-defense instruction). 

 Finding error, however, does not end the inquiry as we must also determine whether
the error requires reversal. See Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006);
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g); see also
Posey v. State, 966 S.W.2d 57, 62 n.12 (Tex. Crim. App. 1998) (holding inter alia that
Almanza applies to an erroneous omission in the jury charge of a timely requested defensive
issue raised by the evidence, as said defensive issue becomes law "applicable to the case."). 
 The general rule is that properly preserved jury charge error requires reversal if the
error is "calculated to injure the rights of the defendant," meaning there must be only "some
harm." See Tex. Code Crim. Proc. Ann. art. 36.19; Trevino v. State, 100 S.W.3d 232, 242
(Tex. Crim. App. 2003); Almanza, 686 S.W.2d at 171. Notwithstanding the general rule, the
Court of Criminal Appeals has held that a jury's failure to find a defendant guilty of an
intervening lesser-included offense, i.e., an offense between the requested lesser-included
offense and the charged offense, may render the trial court's refusal to give the properly
requested instruction harmless. See Masterson v. State, 155 S.W.3d 167, 171 (Tex. Crim.
App. 2005), cert. denied, 546 U.S. 1169, 126 S.Ct. 1330, 164 L.Ed.2d 47 (2006). Thus, even
though appellant's timely requested self-defense instruction to the Class C assault charge was
sufficiently supported by record evidence, the fact the jury rejected the Class C assault
verdict and instead convicted appellant of the greater Class A assault by bodily injury
rendered the trial court's refusal to submit the requested self-defense instruction harmless. 
See id.; Starks, 127 S.W.3d at 133. The Court in Masterson explained its rationale as
follows: 

 [T]he harm from denying a lesser offense instruction stems from the potential
to place the jury in the dilemma of convicting for a greater offense in which
the jury has reasonable doubt or releasing entirely from criminal liability a
person the jury is convinced is a wrongdoer. The intervening lesser offense is
an available compromise, giving the jury the ability to hold the wrongdoer
accountable without having to find him guilty of the charged (greater) offense. 
While the existence of an instruction regarding an intervening lesser offense
(such as manslaughter interposed between murder and criminally negligent
homicide) does not automatically foreclose harm--because in some
circumstances that intervening lesser offense may be the least plausible theory
under the evidence--a court can conclude that the intervening offense
instruction renders the error harmless if the jury's rejection of that offense
indicates that the jury legitimately believed that the defendant was guilty of the
greater, charged offense. 


Masterson, 155 S.W.3d at 171-72 (footnotes omitted). 

 Although the error we are examining involves a requested self-defense instruction,
and not the refusal of a lesser included offense request as in Masterson, the rationale
employed in Masterson is instructive. Appellant's jury had before it an available
"compromise verdict" in the form of the lesser included Class C assault instruction. 
However, the jury unanimously rejected this compromise verdict in favor of convicting
appellant of the greater, charged offense. From an examination of the entire record
presented, we conclude the trial court's submission of the lesser included Class C assault
(offensive personal contact) instruction did indeed render the error harmless. The record
demonstrates that the Class C assault option provided to the jury was a plausible theory upon
which to convict appellant. L.M.'s bodily-injury evidence was as compelling as the evidence
of A.M.'s injuries. Nevertheless, the jury implicitly rejected the former--convicting appellant
only of Class C assault on L.M.--while unanimously accepting the latter--convicting
appellant of the greater, charged Class A assault on A.M. 

 By convicting appellant of the greater bodily injury assault of A.M. and rejecting the
lesser included offensive-personal-contact assault, the jury chose to accept the State's version
of the facts with regard to appellant's assaultive conduct on A.M. In rejecting the defense's
version of the events surrounding appellant's encounter with A.M. on the night in question--
that appellant responded to A.M.'s attack by merely restraining A.M. with an arm around his
shoulder--it would seem supremely unlikely that this same jury would have unanimously
availed itself of a self-defense option for the Class C assault. To do so would have required
the jury to first unanimously acquit appellant of the greater, bodily injury Class A assault, and
then unanimously accept appellant's assertion that the only physical contact he had with
A.M. was legally excusable in an effort to defend himself against A.M.'s "use or attempted
use of unlawful force[,]" because appellant did not "provoke[] the other's use or attempted
use of unlawful force[.]" Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, sec. 9.31(a),
1993 Tex. Gen. Laws 3586, 3598 (amended 2007); Tex. Pen. Code Ann. §9.31(b)(4)
(Vernon 2003). Therefore, based upon the entire record before us, we conclude that any
error in refusing to instruct the jury on self-defense as to the lesser included Class C offense
was entirely harmless. (9) Appellant's single issue is overruled. 

 We have determined that error actually exists in the guilt/innocence jury charge, but
have also determined that sufficient harm did not result from the error to require reversal. 
See Posey, 966 S.W.2d at 60 & n.5; Abdnor v. State, 871 S.W.2d 726, 731-32 (Tex. Crim.
App. 1994). However, we cannot affirm the judgment as it presently appears in the record. 
Article 42.013 of the Texas Code of Criminal Procedure, titled "Finding of family violence,"
reads: "In the trial of an offense under Title 5, Penal Code, if the court determines that the
offense involved family violence, as defined by Section 71.004, Family Code, the court shall
make an affirmative finding of that fact and enter the affirmative finding in the judgment of
the case." Appellant's conviction for assault, under section 22.01, was an offense included
within Title 5 of the Texas Penal Code. See Tex. Pen. Code Ann. §§ 19.01-22.12 (Vernon
2003 & Supp. 2008). A trial court "is statutorily obligated to enter an affirmative finding of
family violence in its judgment, if during the guilt phase of trial, the court determines that
the offense involved family violence as defined by Tex. Fam. Code § 71.004(1)." Butler v.
State, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006). 

 In the instant case, the trial court submitted a separate "family violence" verdict form
to the jury along with standard guilt phase instructions for the underlying offenses. The
family violence verdict form asked the jury whether it found beyond a reasonable doubt that
appellant, "a member of a family or household, intentionally used or threatened physical
force against another member of the family or household, not including reasonable discipline
of a child by a person having that duty?", with the jury answering "Yes." Thereafter, the
guilty verdict was announced in open court as was the family violence verdict. The trial
judge also announced in open court that he accepted the verdicts of the jury. However, the
written judgment evidencing appellant's conviction for "ASSAULT CAUSING BODILY
INJURY" does not include language memorializing the family violence finding as required
by section 42.013. See Tex. Code Crim. Proc. Ann. art. 42.013 (Vernon 2006).

 This court has the authority to correct and reform the trial court's judgment if we have
the information necessary to do so. See Tex. R. App. P. 43.2(b); French v. State, 830 S.W.2d
607, 609 (Tex. Crim. App. 1992); Asberry v. State, 813 S.W.2d 526, 531 (Tex. App.--Dallas
1992, pet. ref'd). Therefore, we modify the trial court's judgment to include the following
court finding: James Mark Goetschius has been found guilty of assault with bodily injury
under section 22.01, an offense included within Title 5 of the Texas Penal Code, involving
family violence as defined by section 71.004 of the Texas Family Code. 

 We affirm the trial court's judgment as reformed. 

 AFFIRMED AS REFORMED. 

 

 
 __________________________________

 CHARLES KREGER

 Justice

Submitted on July 29, 2008

Opinion Delivered January 14, 2009

Do not publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. The Texas Penal Code provides that conviction for a Class A misdemeanor is
punished by "(1) a fine not to exceed $4,000; (2) confinement in jail for a term not to exceed
one year; (3) or both such fine and confinement." Tex. Pen. Code Ann. §12.21 (Vernon
2003). 
2. Although section 22.01 was amended by the legislature after the alleged offense
occurred, we will cite to the current code provisions as the amendments have no bearing on
the law at issue in this appeal. 
3. Section 22.01(a)(1) of the Texas Penal Code (Assault) provides that "[a] person
commits an offense if the person . . . intentionally, knowingly, or recklessly causes bodily
injury to another, including the person's spouse; . . . ." 


Related to the instant appeal, the information alleged the offense in the following manner: 
"that on or about MARCH 4, 2006, . . . [appellant] then and there intentionally, knowingly,
or recklessly cause bodily injury to [A.M.], a member of the defendant's family or household
. . . , as described by [section] 71.003 or 71.005 or 71.0021(b), Family Code, BY HITTING
[A.M.] ON THE HEAD WITH DEFENDANT'S HAND, . . . ." See Tex. Pen. Code Ann.
§ 22.01(a)(1), (b)(2) (Vernon Supp. 2008). 
4. See Tex. Pen. Code Ann. § 3.01(1), (2) (Vernon 2003) (Defining "criminal episode"
as the commission of two or more offenses "committed pursuant to the same transaction or
pursuant to two or more transactions that are connected or constitute a common scheme or
plan"; or "the offenses are the repeated commission of the same or similar offenses."); Tex.
Pen. Code Ann. § 3.02(a) (Vernon 2003) ("A defendant may be prosecuted in a single
criminal action for all offenses arising out of the same criminal episode."). 
5. Section 22.01(a)(3) provides "[a] person commits an offense if the person . . .
intentionally or knowingly causes physical contact with another when the person knows or
should reasonably believe that the other will regard the contact as offensive or provocative." 
Assault by offensive physical contact is a Class C misdemeanor punishable by a fine not to
exceed $500. Tex. Pen. Code Ann. § 12.23 (Vernon 2003). 
6. The record indicates appellant and the State agreed to a fine of $300 as punishment
for appellant's Class C conviction. 
7. See e.g., Ex parte Nailor, 149 S.W.3d 125, 133 n.33 (Tex. Crim. App. 2004). 
8. Although the legislature has since amended section 9.31 of the Texas Penal Code, the
offense that is subject to this appeal occurred on March 4, 2006, which was prior to the
September 1, 2007, effective date of the amendments. Thus, we set out the prior version of
section 9.31 as that version remains in effect for offenses committed prior to September 1,
2007. See Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, sec. 9.31(a), 1993 Tex.
Gen. Laws 3586, 3598, amended by Act of March 20, 2007, 80th Leg., R.S., ch. 1, §§ 2, 5(a),
2007 Tex. Gen. Laws 1, 1-2 (codified as an amendment to Tex. Pen. Code Ann. § 9.31)
(stating that an offense committed before the act's effective date is governed by the section
in effect when the offense was committed)). 
9. Additionally, it has been held that once a jury convicts a defendant of the greater,
charged offense, it has no reason to then consider whether the defendant might be guilty of
any lesser included offense also furnished to the jury in the trial court's instructions. See
Starks, 127 S.W.3d at 133 (citing Clark v. State, 717 S.W.2d 910, 918 (Tex. Crim. App.
1986)). "Thus, although defendant was entitled to a self-defense instruction for the lessor
[sic]-included offense of simple assault, such error was harmless because the jury need not
reach the latter issue." Id.