**Affirmed and Memorandum Opinion filed May 21, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00074-CR

---

## ZETH AURELIO GARCIA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Court at Law
Caldwell County, Texas
Trial Court Cause No. 45407**

---

## M E M O R A N D U M   O P I N I O N

Appellant Zeth Aurelio Garcia appeals his conviction for assault, contending the trial court committed reversible error by denying his request for a jury instruction on the defense of consent.[1]  We affirm.

---

[1] This appeal was transferred to the Fourteenth Court of Appeals from the Third Court of Appeals.  In cases transferred by the Supreme Court of Texas from one court of appeals to another, the transferee court must decide the case in accordance with the precedent of the transferor court under the principles of stare decisis if the transferee court's decision otherwise would have been

Appellant was charged with the misdemeanor offense of assault, and a jury trial was held on November 7 and 8, 2016.

At trial, Complainant William Welch testified he was working at his brother's mechanic shop when Appellant, Appellant's father, Aurelio Barea Garcia ("Aurelio"), and Appellant's brother, Aurelio Martinez Garcia, Jr. ("Junior"), came to the shop. Complainant testified Aurelio started arguing with him over a $700 bill. The three men demanded Complainant "give them their money back" and refused to leave unless Complainant paid them. Complainant told the men he would not refund them any money and asked them to leave. Complainant testified Appellant then lunged toward him and started hitting him in the head and face. Complainant stated he never "flinch[ed] towards," "jump[ed] at," or made "any kind of motion towards" Appellant. According to Complainant, he only threw his hands up to protect his head. After Appellant punched Complainant numerous times, the three men left the shop.

The testimony of Aurelio, Junior, and Appellant at trial contradicted Complainant's account of events. Aurelio testified he and Complainant started cussing at each other when Complainant refused to give him any money back. Aurelio testified Appellant then told Complainant, "You're a bitch." In response, Complainant "flinched and put his fists forward and jumped at" Appellant as if he was going to hit Appellant. Appellant hit Complainant first and the two exchanged several punches. After the fight, the three men left. According to Aurelio, Appellant did not assault Complainant but "defended himself," and if Complainant "didn't lunge forward like — acting like he was going to hit somebody, nothing would have

---

inconsistent with the precedent of the transferor court. *See* Tex. R. App. P. 41.3.

happened." Aurelio also testified he "guess[ed]" Complainant "wanted to fight when he picked up his fists and — and lunged at [Appellant]."

Junior stated Aurelio and Complainant were in a heated argument when Appellant got involved by telling Complainant, "You're a bitch." Junior testified Complainant got mad at Appellant and jumped aggressively at Appellant "like if you're trying — like if you're throwing a punch or you're trying to act like you're throwing a punch to make somebody flinch or move out of the way, or something." Appellant then hit Complainant first and the two men exchanged several punches.

Appellant confirmed he got involved in the argument between Aurelio and Complainant and called Complainant a bitch. Appellant testified Complainant asked in response, "I'm a bitch?" and then came "towards me with his hands up, and he took a jolting move at me as if he was going to hit me." Appellant testified he "just defended" himself and "didn't want to get hit." Appellant also stated, "I hit him first, like I said. I don't think he even tried to swing. He just came up — at me with his hands up and I felt that as a threat and I swung." According to Appellant, the two men exchanged several punches before Appellant, Aurelio, and Junior left the shop.

A video recording from the body camera the police officer was wearing when he went to Aurelio's house to investigate the assault shortly after it happened was played for the jury. The jury could hear Aurelio telling the police officer that (1) Complainant "ripped us off"; (2) Aurelio and Complainant argued and Complainant started cussing; (3) Complainant and Appellant "got close to each other"; (4) Complainant "flinched, he was going to hit [Appellant] and [Appellant] hit him, and that was it, and then we left"; (5) Appellant and Complainant hit each other; and (6) Appellant acted in self-defense. The jury could also hear Appellant later arriving at Aurelio's house and telling the investigating police officer that (1) Complainant "got

3

into [Appellant's] face," flinched at Appellant, and Appellant hit Complainant; and (2) Complainant "jumped at me, he initiated it."

The jury found Appellant guilty of assault. The trial court assessed Appellant's punishment at 365 days' confinement in Caldwell County Jail probated for 18 months and a fine of $800. Appellant filed a timely notice of appeal.

## ANALYSIS

Appellant complains on appeal that the trial court erroneously denied his request for a jury instruction on the defense of consent.

The victim's effective consent or the actor's reasonable belief the victim consented to the actor's conduct is a defense to assault if the conduct did not threaten or inflict serious bodily injury. Tex. Penal Code Ann. § 22.06(a)(1) (Vernon 2018). An accused is entitled to an instruction on any defense raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court thinks about the credibility of the evidence. *Allen v. State*, 253 S.W.3d 260, 267 (Tex. Crim. App. 2008); *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). This rule was designed to ensure that the jury, not the judge, decides the credibility of the evidence. *Granger*, 3 S.W.3d at 38.

The evidence supporting a consent defense may be presented by the State or defense counsel. *See id.* at 38 n.2; *Woodfox v. State*, 742 S.W.2d 408, 409 (Tex. Crim. App. 1987). When considering whether an instruction was warranted, we are concerned only with whether the evidence supports the defense of consent, not whether the evidence is believable. *Miller v. State*, 312 S.W.3d 209, 212 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd); *see Dyson v. State*, 672 S.W.2d 460, 463 (Tex. Crim. App. 1984). If the evidence viewed in a light favorable to the defendant supports the defense of consent, then an instruction is required. *Miller*,

4

312 S.W.3d at 212; *see Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006); *Granger*, 3 S.W.3d at 38.

Discussing the Court of Criminal Appeals opinion in *Allen v. State*, Appellant contends "*Allen* dictates that evidence at trial can show that consent can be formed in one quick moment or in a seemingly unconventional way." *See Allen*, 253 S.W.3d at 268. Relying heavily on *Allen*, Appellant argues he was entitled to an instruction on the defense of consent because (1) he, Aurelio, and Junior testified Complainant's "actions were consistent with wanting to engage in a fight with Appellant"; (2) Aurelio testified Complainant wanted to instigate a fight; and (3) Junior "characterized the altercation as a fight."

We disagree with Appellant's argument and interpretation of the evidence. We begin by noting Appellant's reliance on *Allen* is misplaced. The facts in *Allen* were significantly distinguishable from the facts in this case. There, evidence showed that the complainant "in a 'challenging' or 'demanding' tone" said to the defendant: "'if you want to hit me, hit me,' 'well then, come on, hit me,' 'well, slap me, then,' 'do it, do it.'" *Id*. at 262-63. The defendant also testified the complainant "got real flamboyant like, well, go ahead. Do it. Do it. At this time, [the complainant]'s so close, [complainant]'s like spitting in my face." *Id*. at 262. The court stated "it is undisputed that the complainant used abstract language of consent when she told the [defendant], in response to [defendant]'s threat, to 'go ahead,' 'come on,' 'slap me,' 'hit me,' 'do it,' or some combination of words to that effect." *Id*. at 267. No similar words were uttered here.

There is no evidence in the record to support a finding of express consent by Complainant. Neither Appellant nor any other witness testified that the assault was expressly assented to by Complainant. There also is nothing in the record to suggest Complainant implicitly consented or that Appellant reasonably believed

5

Complainant consented to the assault. Even if we take Appellant's facts as true, Complainant's actions rise to provocation at best and entitle Appellant to a defensive instruction on self-defense, which he received. Appellant cites no authority, nor have we found any, to suggest that offensive conduct by a complainant equates to consent to an assault.

We conclude that the issue of consent was not raised by the evidence in this case. *See Garza-Ramirez v. State*, Nos. 04-15-00420-CR & 04-15-00421-CR, 2016 WL 1128277, at *3-4 (Tex. App.—San Antonio Mar. 23, 2016, no pet.) (mem. op., not designated for publication) (holding complainant's testimony that she hit defendant and continued to hit him while they were pushing each other was no evidence of consent entitling defendant to a consent instruction); *Agbor v. State*, No. 02-12-00401-CR, 2013 WL 1830679, at *4 (Tex. App.—Fort Worth May 2, 2013, no pet.) (mem. op., not designated for publication) (holding evidence that complainant and defendant immediately started arguing and complainant pushed defendant's finger out of the way and hit defendant first supported self-defense instruction but not a consent instruction); *Skipper v. State*, No. 14-00-00484-CR, 2001 WL 893291, at *2 (Tex. App.—Houston [14th Dist.] Aug. 9, 2001, pet. ref'd) (not designated for publication) (holding offensive or provocative conduct by complainant, including yelling, pushing, and hitting defendant with food, did not equate to consent to an assault); *Carlson v. State*, No. B14-92-00173-CR, 1994 WL 64940, at *1 (Tex. App.—Houston [14th Dist.] Mar. 3, 1994, no pet.) (not designated for publication) (holding complainant throwing water on defendant and taking first swing supported self-defense instruction but not a consent instruction); *cf. Amaro v. State*, 287 S.W.3d 825, 831-32 (Tex. App.—Waco 2009, pet. ref'd) (determining that police officer did not consent to assault merely because he knew he was in occupation in which he knew he was likely to be assaulted).

6

Appellant was not entitled to an instruction on the defense of consent. The trial court did not err in denying Appellant's requested consent instruction, and we overrule Appellant's issue.

## CONCLUSION

We affirm the judgment of the trial court.

/s/     Meagan Hassan
        Justice

Panel consists of Justices Christopher, Jewell, and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).